<div style="margin-left:2em"><em>Argu.</em> 1. Constituents of fraud.</div>

Defendant had no power to allow the claim without the approbation of the County Court. Rev., § 2393.

It is not averred, at least with distinctness, that the defendant agreed with the plaintiff to act for him and to procure the allowance of the claim by the county judge.

Admitting that there may be cases in which fraud may be predicated of a failure to do some future act, we are unanimously of the opinion, that the facts stated in the petition do not make such a case against the defendant as to justify a recovery against him on the ground of fraud.

The cause will be remanded, with the same order as to amendment, that was made in the preceding case.

<div align="right">Affirmed.</div>

---

## FINLEY v. BROWN *et al.*

1. Practice: FAILURE TO EXCEPT. Objections not made below, will not be considered in the Supreme Court.

2. ——— WAIVER. A party, by going to trial, waives his right to have reviewed, the decision of the court in overruling a demurrer to the answer.

3. ——— REPLICATION. A replication is not allowable except when the answer alleges a counter claim, set-off, or cross demand.

4. Tax sale: DUPLICATE DEEDS. It is not erroneous, in an action of right, for the court to admit in evidence of defendant's title, two tax deeds for the same property, one of which the treasurer had executed subsequent to, and to cure an informality in, the other.

5. —— NON-RESIDENT OWNER. The fact that the owner of land sold for taxes was, at the time they accrued as well as at the time of the sale and during the period of redemption, a resident of one of the States then in rebellion, does not excuse him for the non-payment of the taxes, nor entitle him to redeem.

*Appeal from Henry District Court.*

SATURDAY, JULY 6.

ACTION of right to recover the possession of, and quiet the title to the S. E. ¼ sec. 17, T. 73, R. 6 W., situated in Henry county, Iowa. The petition contains two counts, one based upon section 3569, the other on section 3602, of the Revision. The defendants moved the court that plaintiff be required to elect on which count in his petition he would proceed to trial, supporting the same with an affidavit that the causes of action specified therein arose from the same cause, and were based upon the same facts. Motion sustained, and plaintiff elected to go to trial on the first count in the petition. The answer sets up that the land in question had been sold for delinquent taxes for the years 1858–9, and 1860, and purchased by the defendant, Brown, who transferred to his co-defendants, and they claimed the right of possession and the title, by deeds from the county collector. To this answer a demurrer was filed and overruled. After this a replication was filed thereto, and, upon motion of the defendants, stricken from the files. At the hearing, verdict and judgment for the defendants, and plaintiff appeals.

*Negus & Culbertson* for the appellant.

*Woolson & Son* for the appellees.

LOWE, Ch. J.—I. It is objected that the court required the plaintiff to elect upon which count of his petition he

**1. PRACTICE:** would go to trial. It is a sufficient reply to
*failure to*
*except.* this, that the record does not show that the
plaintiff ever excepted to this order of the court, and it
is made for the first time here.

II. The overruling of the demurrer to the answer is
the second error relied on. The plaintiff did not stand
**2. —— waiver.** upon this ruling of the court, but waived it
by going to trial on the issues which the replication, by
operation of section 2917 of the Revision, put in and
made with the answer. *Wilcox* v. *McCune*, 21 Iowa, 294.

III. It is again objected that the court erred in striking
from the files, upon the motion of the defendants, the
**3. —— replica-** replication which the plaintiff had put in to
*tion.* the answer. Under sections 2895, 2917, of
the Revision, a reply is not allowable except upon the
allegation of a counter claim, set-off or cross demand;
in all other cases the answer is to be deemed controverted
by the adverse party, even though it be new matter, and
in avoidance of the plaintiff's action. The objection,
therefore, proceeds upon the idea that the answer is in the
nature of a counter claim or cross demand, which clearly
is not the case. Whatever infirmity there is or might be
in the defendant's title (plead as a defense to plaintiff's
right of possession) was open to attack under section 2917
of the Revision, and it follows, therefore, that the
plaintiff suffered no prejudice from the ruling of which
he complains.

IV. The defendant held two deeds for the property in
question, for the same delinquent taxes. The first was
**4. TAX SALE:** supposed to be informal, and on this account
*duplicate*
*deeds.* the collector was prevailed upon to make a
second deed instanter, which he did, for the purpose of
correcting the supposed mistake. Both deeds were read
in evidence, which is complained of as error. One of
these deeds, as to form, is without objection. Conceding

the other to be informal, or even insufficient, the plaintiff could have suffered no prejudice whatever from the act of which he complains.

V. The plaintiff offered to prove that on the 17th of January, 1866, he tendered to the clerk of the District Court of Henry county, the amount of taxes due on said land. This was after the limitation of three years for redemption had expired; but in connection with this he offered to prove that for the last twenty years he had been a citizen of North Carolina; that he was residing there during the late civil war, in consequence of which all civil and political intercourse was suspended between that State and this, which deprived him of all opportunity of paying his taxes or redeeming his property within the time limited by the statute. This evidence was refused, and its refusal is now urged as the last objection made to the proceedings. We fail to perceive upon what principle such evidence could be received or considered. The obligation to pay government taxes rests alike upon the resident and non-resident citizen. This obligation was not lessened by the late rebellion, but rather augmented; nor do we think that the war resulting from the rebellion necessarily had the effect to prevent plaintiff from having a resident agent here to pay his taxes for him.

*5. —— non-resident owner.*

Affirmed.