BROOKS *v.* AUDITOR GENERAL.

1. TAX SALES—SETTING ASIDE—JURISDICTION.
     It is not within the power of the court to set aside a tax sale after confirmation, even though the decree has not been enrolled, except for a total want of jurisdiction to enter the decree, or for one of the causes specified in section 70 of the tax law (Act No. 206, Pub. Acts 1893), namely, that the taxes were paid or the land was exempt from taxation.

2. SAME—PROOF OF PUBLICATION—SUFFICIENCY.
     The validity of a tax decree is not affected by the fact that, after the affidavit of publication of the petition and order of hearing had been duly filed with the register of the court, as required by the statute, he inserted it in the tax record.

Appeal from Clare; Dodds, J.　Submitted January 5, 1899.　Decided February 6, 1899.

Petition by Leroy Brooks and others against Roscoe D. Dix, auditor general, and William G. Roche, to set aside a tax sale.　From a decree for petitioners, defendant Roche appeals.　Reversed.

*Frank L. Prindle*, for petitioners.

*James H. McFarlan*, for appellant.

LONG, J.　Petitioners were the owners of the lands in controversy.　They filed a petition to set aside a decree for the sale of the lands as delinquent for taxes.

It appears that petitioners contracted to sell the lands to one Wyckoff in 1886.　He paid a small amount down at the time the contract was made, and entered into possession, and resided thereon up to the time of his death, in 1893, and since that time his widow has resided thereon. By the terms of the contract, it was the duty of Wyckoff to pay all the taxes assessed against the land, which he did, except for the year 1892.　Petitioners had a tax agent,

whose duty it was to see that all returned taxes were paid on the lands of petitioners. In the summer of 1893 this agent sent to the county treasurer of Clare county, where the land in controversy was situate, a list of petitioners' lands, including these lands, requesting the treasurer to mark all returned lands, which he did, including these lands; but, by some oversight, the agent failed to pay the taxes on this piece. Petitioners did not learn that these taxes were not paid until July, 1897, when they were informed that the land had been sold and deeded to defendant Roche. The court below set aside the decree and sale upon the payment of the taxes and interest. Defendant Roche appeals.

The reasons given by the court below for setting aside the sale were that the provisions of sections 70 and 76 of the tax law of 1893 ( Act No. 206, Pub. Acts 1893) do not apply to a proceeding to open a decree and allow redemption where the decree has not been enrolled; that the decree had not been enrolled; and that the matter was therefore in the discretion of the court. The court below seems to have construed some language used by this court in *Benedict* v. *Auditor General*, 104 Mich. 269, as authorizing this course. We think the learned judge misconstrued that case. The real point upon which that case turned was that the court below had no jurisdiction to enter the decree for the sale of the lands. It is true that it was there said that, the decree not having been enrolled, the party might proceed by petition. That had reference to the mode of procedure, and nothing more. In the present case the court had jurisdiction to enter the decree ordering the sale. · The sale was ordered, the land sold, and defendant Roche became the purchaser. Section 70 of the tax law of 1893 provides that all sales shall stand confirmed, subject to the right of redemption provided for in section 74, unless objections thereto are filed within eight days after the time limited for filing such report, without the entry of an order or further notice: " *Provided, further*, that no sale shall be set aside after con-

firmation, except in cases where the taxes were paid or the property was exempt from taxation." There was no showing in the present case that either of these causes existed. The court below was in error in supposing that the matter was discretionary with the court to set aside the sale. It could only be done for the causes set forth in the statute, unless it appeared that the court had no jurisdiction to make the decree and order of sale in the first instance.

. Some question is raised over the proof of publication. It appears that the affidavit of publication of notice was duly filed with the register of the court, and that fact noted in his calendar. The register chose to put this affidavit into the tax record; but this in no way affected the legality of the notice. He received and filed it, and that was sufficient.

The decree below must be reversed, and a decree entered here dismissing the petition, with costs of both courts in favor of defendant Roche.

The other Justices concurred.