| 120 | 455 |
| s79ᴺᵂ | 693 |
| f138 | 648 |
| 120 | 455 |
| 138 | 584 |

## SHEFFERLY *v.* AUDITOR GENERAL.

TAX SALES--SETTING ASIDE DECREE.
> A decree for the sale of land delinquent for taxes will not be set aside after confirmation of the sale, even though such decree has not been enrolled, on the ground either that the township treasurer failed to make the tax out of personal property, or that his return to the county treasurer was prematurely made, in view of the provision of section 70 of the tax law (Act No. 206, Pub. Acts 1893) that, while the practice with reference to setting aside sales shall be the same, so far as applicable, as in cases of mortgage foreclosure, no sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation.

Appeal from Macomb; Eldredge, J.     Submitted January 3, 1899.     Decided June 28, 1899.

Petition by Mary Shefferly against Roscoe D. Dix, auditor general, Alexander McMillan, and Charles Cannell, to reopen a decree in a tax proceeding. From a decree for petitioner, defendants McMillan and Cannell appeal. Reversed.

*Louis C. Wurzer*, for petitioner.

*Dwight N. Lowell*, for appellants.

GRANT, C. J. The petitioner, Mary Shefferly, resided in Detroit. She had a mortgage upon the land described in the petition, situated in the township of Warren, Macomb county. In 1893 a tax was levied upon her mortgage interest under the law of 1891. The tax was not paid, was returned delinquent, and sold December 20, 1895, under the tax proceedings taken by the auditor general. The lands were bid off to the State, and were purchased July 24, 1896, by the defendant Cannell. The redemption expired November 30, 1896. January 28, 1898, she filed this petition to reopen the decree. Relief was granted upon the payment of the tax, interest, and costs.

The reasons assigned by her counsel for setting aside the decree are:

1. That the decree was never enrolled, and that, therefore, the court was clothed with power to modify or set it aside.
2. That the township treasurer failed to make the tax out of the personal property.
3. That the return of the township treasurer was premature, in that it was made on February 5, 1894, and should not have been made until March 1st.

The court, in vacating the decree, relied upon *Benedict* v. *Auditor General*, 104 Mich. 269. That case has been misconstrued, as was held in *Brooks* v. *Auditor General*, 119 Mich. 329. All the points raised have been disposed of against the claim of the petitioner in the prior decisions of this court. *Brooks* v. *Auditor General, supra;*

*Spaulding* v. *O'Connor*, 119 Mich. 45; *Auditor General* v. *Sparrow*, 116 Mich. 574.

Decree reversed, and petition dismissed, with costs.

MONTGOMERY, MOORE, and LONG, JJ., concurred. HOOKER, J., did not sit.