133    647
f138  ²414
138   ¹584

133    647
142   ¹127

133    647
146   ¹506

BLONDIN v. GRIFFIN.

1. TAX SALES—SETTING ASIDE—IRREGULARITIES—ESTOPPEL.
    A landowner is estopped to question the validity of the action of the auditor general in canceling the sale of his land to the State for taxes, and including the same in a subsequent peti-tion, where, having full knowledge of the proceedings, he made no objection thereto until several months after the sec-ond sale, when, instead of redeeming therefrom, as he might have done, he resorted to a petition to have it declared void.

2. SAME—JURISDICTION.
    A tax sale cannot be set aside after confirmation, except for the reasons mentioned in section 70 of the tax law (1 Comp. Laws, § 3893), or where the court was without jurisdiction. Irregularity of the auditor general in canceling a prior sale to the State for the same tax is not ground therefor.

Appeal from Bay; Shepard, J. Submitted May 15, 1903. (Docket No. 92.) Decided June 30, 1903.

Petition by Theophile Blondin against Albert A. Griffin and others to set aside a tax sale. From a decree for petitioner, defendant Griffin appeals. Reversed.

Petitioner's lands were sold in 1895 and in 1896 for non-payment of taxes assessed for the years 1893 and 1894, respectively, and were duly bid off to the State. The auditor general, upon his own motion, in 1901, set these sales aside, readvertised the land as delinquent, and the same was sold[1] on the 24th of March, 1902, under the

_____

[1] The land was bid off to the State at the general tax sale in May, 1901; Griffin purchasing the State bid in March following.

decree of the court, to respondent Albert A. Griffin for $140.93, being the taxes due and unpaid for the years 1893 and 1894. On June 17th following, petitioner filed this petition to have said sale declared void. Decree was entered in his favor upon payment of the taxes due within 10 days. From this decree defendant Griffin has appealed.

*James Donnelly* (*L. McHugh*, of counsel), for petitioner. '

*Albert McClatchey*, for appellant.

GRANT, J. (*after stating the facts*). Petitioner is not entitled to the relief sought unless an unbending rule of law gives it to him. He knew that his taxes were unpaid, and that proceedings were instituted in 1901 for the sale of his land. The county treasurer had written him of the pendency of the suit, and that his land would be sold unless his taxes were paid. To this he paid no attention, did not appear in the suit, or even at the sale, to make protest. Nearly three months after the sale and after confirmation he applies to the court to have the sale set aside for the reason that the action of the auditor general in setting aside the sales in 1895 and 1896 is invalid. The cancellation of the sales for these years and the proceeding by the auditor general in 1901 to resell the land were not prejudicial to the rights of the petitioner; on the contrary, they were to his advantage, for it gave him another opportunity to pay his taxes. Petitioner was entitled to redeem from this sale by complying with Act No. 229, Pub. Acts 1897. Instead of complying with this statute, he chose to resort to this suit. We think his conduct estops him from now insisting upon this irregularity of the auditor general in canceling the sales and readvertising his land.

We are further of the opinion that the court could not open the decree, under *Brooks* v. *Auditor General*, 119 Mich. 329 (78 N. W. 125), and *Shefferly* v. *Auditor General*, 120 Mich. 455 (79 N. W. 693). The court had juris-

diction to pass upon the question of the validity of this action of the auditor general. It did so, held the action valid, and entered the decree in pursuance of which the land was sold. After confirmation the court had no jurisdiction to set aside the sale, except for the reasons mentioned in section 70 of the general tax law (1 Comp. Laws, § 3893), or where the court had no jurisdiction. The only relief, under these facts, the law affords petitioner, is that provided by Act No. 229, Pub. Acts 1897.

Decree reversed, and petition dismissed.

The other Justices concurred.