SMITH v. AUDITOR GENERAL.

1. TAXATION — TAX SALES — SETTING ASIDE DECREE — INCLUDING EXEMPT PROPERTY.

That a railroad right of way across petitioner's lands was not excepted from the assessment, decree, and sale of the land for taxes, is not a jurisdictional defect entitling him to have the tax sale set aside. 1 Comp. Laws, § 3893.

2. SAME—NOTICE OF SALE—DEFECTS.

That part of the land in a township was described in the notice of sale for taxes under the proper township and range number, and the remainder, including petitioners' land, was listed as in the city, within the corporate limits of which it was in fact situated, is not a jurisdictional defect. 1 Comp. Laws, § 3893.

3. SAME—AMOUNT OF DECREE—INTEREST—ERROR.

That the original decree for the sale of lands for taxes was excessive, owing to an error in figuring interest, is a mere irregularity, for which the sale will not be set aside.

4. SAME—TITLE ACQUIRED BY PURCHASER.

Where proceedings for the sale of petitioners' lands for taxes included the right of way of a railroad crossing the land, which was exempt, the fact that the grantee of the State released such right of way to the railroad company did not prevent him from conveying to the petitioners, under section 141 of the tax law, all that he had received from the State, as he acquired no valuable interest in such right of way.

Appeal from Marquette; Stone, J. Submitted November 17, 1904. (Docket No. 176.) Decided December 22, 1904.

Petition by Samuel L. Smith and others against Perry F. Powers, auditor general, and Albert S. Heinemann to set aside certain tax sales. From a decree dismissing the petition, petitioners appeal. Affirmed.

*M. J. Sherwood*, for petitioners.

*Charles A. Blair*, Attorney General (*Charles W. McGill* and *George L. Hauser*, of counsel), for defendant auditor general.

*George P. Brown*, for defendant Heinemann.

CARPENTER, J.   Petitioners are the owners of the northwest quarter of the southwest quarter of section 9, township 47 north, of range 26 west, in the county of Marquette.   The taxes on said land not having been paid for the years 1896 and 1897, the auditor general included them in his petition in 1900, and they were sold in May of that year, and bought by the State.   April 2, 1903, they were deeded by the State to respondent Heinemann. August 6, 1903, the petitioners filed this petition, praying that the decree made in 1900 for the sale of these lands be set aside.   From a decree dismissing their petition, petitioners appeal to this court.

The grounds upon which we are asked to reverse the decree of the trial court and grant relief are three:

1. Running across petitioners' land was a right of way of a railroad.   This right of way, which did not belong to petitioners, but to a railway company, was not excepted; and it is contended that, because this exempt property was included in the sale of petitioners' land, they have a right to have vacated the decree authorizing said sale.   We have decided (see *Flint Land Co.* v. *Godkin*, 136 Mich. 668) that the irregularity in including the right of way in the description of petitioners' land would not open the decree to collateral attack.   But petitioners insist that rule is not applicable.   Here, by a petition in the case in which the

decree was rendered, they seek to have it set aside. In consequence of the following provision in section 70 of the tax law (1 Comp. Laws, § 3893), "*Provided, further,* that no sale shall be set aside after confirmation except in cases where the taxes were paid or the property was exempt from taxation," we have held that even the court which rendered the decree has no authority to set it aside, except for one of the above reasons, or for lack of jurisdiction. See *Spaulding* v. *O'Connor,* 119 Mich. 45; *Berkey* v. *Burchard,* 119 Mich. 101; *Brooks* v. *Auditor General,* 119 Mich. 329; *Shefferly* v. *Auditor General,* 120 Mich. 455; *Blondin* v. *Griffin,* 133 Mich. 647—as to the objection now under consideration. Petitioners had, therefore, no right to the relief sought, unless upon the ground that the property was exempt from taxation. Petitioners' property was not exempt from taxation. The fact that property which was exempt from taxation was described with petitioners' property may have increased their burden of taxation, but this was as to them no more than an irregularity—an irregularity which was cured by the decree, and which does not entitle them to the relief they seek.

2. That the published notice of hearing required by sections 61–63 of the tax law (1 Comp. Laws, §§ 3884–3886) was fatally defective: The facts upon which this complaint is grounded are these: Part of the land in township 47 north, of range 26 west, is situated within, and part without, the limits of the city of Negaunee. In his petition and published notice, the auditor general separated those descriptions which were within from those which were without the city. Under the head, "Township 47 North, of Range 26 West," he listed those descriptions which were outside the city of Negaunee. In a different part of his petition and notice, under the head, "City of Negaunee, Township 47 North, of Range 26 West," he listed those descriptions which were within the city. It must be inferred from the record that petitioners' agent looked only at the first list, and assumed therefrom that petitioner's land was not included in the peti-

tion.    If it be assumed that their agent exercised due dili-
gence, petitioners are not, as already shown in this opin-
ion, entitled to relief, unless their taxes were paid, their
land exempt from taxation, or there was a lack of juris-
diction to pronounce the decree.    It is obvious that the
objection under present consideration cannot be sustained
unless we hold that the notice in question was so defective
as to confer no jurisdiction upon the court.    We cannot
so hold.    It should be presumed that, when the auditor
general separately listed the property inside the munici-
pality from that outside, he was adopting a practice
which would enable property owners to more readily as-
certain whether their property was included in the peti-
tion.

3. Complaint is made that, owing to an erroneous com-
putation of interest, the original decree was excessive.
If this computation was erroneous, which we doubt, it
was nothing more than an irregularity, which, under the
rule stated in this opinion, cannot be assailed by petitioners.

Petitioners complain that, in consequence of the release
by Heinemann to the railroad company of the right of way
heretofore referred to, the latter is not in a position to
convey to petitioners, under section 141 of the tax law (1
Comp. Laws, § 3960) all that he received from the State.
This contention is without merit.    As the right of way
was exempt, defendant Heinemann, by his deed from the
State, acquired no valuable interest in the exempt right of
way.    Notwithstanding said release, he is in the position
to convey everything of value conveyed by his deed.

The decree appealed from will therefore be affirmed,
with costs.

The other Justices concurred.