AQUA BAR & LOUNGE, INC.

v.

UNITED STATES of America, Department of Treasury, Internal Revenue Service, Joseph B. Saltz, and B. J. R. Mace, Inc.

Civ. A. No. 75–2138.

United States District Court, E. D. Pennsylvania.

June 29, 1977.

Abe Lapowski, Philadelphia, Pa., for Aqua Bar.

Arthur Littleton, Morgan, Lewis & Bockius, Philadelphia, Pa., for Mace.

Stephen T. Saltz, Philadelphia, Pa., for Saltz.

Thomas M. Lawler, Jr., Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Plaintiff Aqua Bar & Lounge, Inc. was the owner of a restaurant liquor license issued by the Pennsylvania Liquor Control Board. The plaintiff's interest in this license was seized by the Internal Revenue Service ("IRS") and sold at a tax sale to Joseph B. Saltz, who later assigned his interest to B. J. R. Mace, Inc. Plaintiff brought this action seeking to have the sale declared null and void for several reasons. Preliminary jurisdictional issues were the subject of an appeal to United States Court of Appeals for the Third Circuit, which held that this Court had jurisdiction of the plaintiff's complaint. See *Aqua Bar & Lounge, Inc. v. United States Dept. of Treasury,* 539 F.2d 935 (3d Cir. 1976). Plaintiff now has moved for summary judgment on the ground that the IRS failed to comply with the notice provisions of 26 U.S.C. § 6335. I will grant the motion.

The relevant facts are undisputed. On January 16, 1975, the IRS issued a notice of seizure of plaintiff's rights in the liquor license. The notice was sent by regular mail to Nathaniel Meyers, President of the plaintiff corporation, at his residence. On March 6, 1975, the IRS issued a notice of sealed bid sale, and this notice also was sent by regular mail to Mr. Meyers at his residence. At the time both notices were issued, the Pennsylvania Liquor Control Board had actual possession of the liquor license in question.

There is some dispute as to whether the plaintiff's place of business was in operation at the time the notices were sent. The IRS, through Revenue Officer James Eck, believed that the business was not in operation based on information received from the Pennsylvania Liquor Control Board, although Eck himself never visited the plaintiff's place of business. The plaintiff does not directly deny that its business was closed in early 1975, but plaintiff's counsel does point out that the business could have been operating without a liquor license. Since I have concluded that the IRS failed to comply with the statutory notice requirements whether or not the plaintiff's business was in operation, the factual dispute is not material.

The manner in which notice must be given for tax seizures and tax sales is set forth in 26 U.S.C. § 6335:

"(a) Notice of seizure.—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary or his delegate to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address . . . .

(b) Notice of sale.—The Secretary or his delegate shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a) . . . ."

■ The Government first argues that notice of seizure was not required to be given to the plaintiff because the plaintiff was not in possession of the license, which was personal property in the possession of the Pennsylvania Liquor Control Board. Whether or not this argument is legally correct, it cannot help the Government in this case. Even if the notice of seizure was not defective, the notice of sale must be given to the owner (not the possessor), and failure to give the notice of sale properly is sufficient grounds for invalidating the sale. In addition, I should note that there is absolutely no evidence in the record to show that written notice was provided to the Pennsylvania Liquor Control Board as the possessor of the license. In fact, the evidence indicates that written notice of the seizure was sent only to Nathaniel Meyers, the President of Aqua Bar & Lounge, Inc. Thus, even accepting the Government's argument that notice of seizure did not have to be sent to the plaintiff, the Government failed to comply with § 6335(a).

The Government next contends that it did comply with the notice provisions of § 6335. Under the statute as quoted above, the notice must be delivered to the owner or left at his usual place of business. If the owner cannot be located, then notice may be mailed to his last known address. None of these alternatives was satisfied in this case. The Government argues that since the corporation's place of business was closed, notice could not have been left at its usual place of business. The Government also argues that for the same reason the corporation could not readily be located. Therefore, in the Government's view, mailing of the notice was proper, and it was more appropriate to mail the notice to Meyers, the corporation's president, than to the vacant building where the corporation had operated.

■ However, the Government cannot have it both ways. If the residence of the corporation's president is to be considered the last known address of the corporation, then it also must be the location of the corporation. Since the IRS knew Meyers' address, it was able to locate the corporation, and it was required to deliver the notice personally. This corresponds to the usual method of obtaining personal service on a corporation by serving an officer of the corporation.

This case is controlled by a recent decision of the Fifth Circuit Court of Appeals in *Reece v. Scoggins*, 506 F.2d 967 (5th Cir. 1975). In *Reece*, the Fifth Circuit held that mailing the notice of sale was inadequate under § 6335:

"The mailing of notice, even if done in a timely fashion, satisfies the statute only if the taxpayer has no dwelling or place of business within the revenue district." *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir. 1975).

■ The same rule applies in this case. The Government knew Meyers' address, and should have delivered the required notices personally to him at that address. The possibility that the plaintiff may have received actual written notice through the mail is irrelevant. The purpose of requiring a particular method of giving notice is to prevent disputes over whether notice was received. Once this Court finds that the prescribed method was not followed, then the Court must invalidate the tax sale:

"The language of this section is clear and mandatory; absent literal compliance with its provisions, the government sale

658

of land cannot stand." *Reece v. Scoggins, supra* at 971.

In enforcing the tax code, the IRS must follow the procedural steps established by Congress. These steps were not followed in this case, so the plaintiff is entitled to relief.

 The Government's failure to comply with the notice requirements of 26 U.S.C. § 6335 voids the sale of the liquor license to defendant Saltz. Thus, the plaintiff is entitled to the return of the license upon a refund of the purchase price to defendant Saltz.[1] See *Reece v. Scoggins, supra* at 968. Consequently, B.J.R. Mace, Inc., which has been served as an additional defendant in this action but has never pleaded to the complaint, will be ordered to execute an application with the Pennsylvania Liquor Control Board to transfer Liquor License No. R–2698 to the plaintiff, and the Department of the Treasury will be ordered to refund the purchase price to defendant Saltz upon the return of the liquor license to plaintiff.[2] Of course, the IRS is free to use other appropriate procedures to collect, any unpaid tax liability from the plaintiff.

### ORDER

AND NOW, to wit, this 29th day of June, 1977, plaintiff's Motion for Summary Judgment is hereby GRANTED, and judgment is entered in favor of the plaintiff Aqua Bar & Lounge, Inc. and against all defendants.

The sale of Restaurant Liquor License R–2698 to defendant Joseph B. Saltz is hereby declared null and void and of no effect.

A judgment of default is entered against B.J.R. Mace, Inc., and B.J.R. Mace, Inc. is Ordered to execute an Application with the Pennsylvania Liquor Control Board to Transfer Restaurant Liquor License R–2698 to the plaintiff.

---

1. Good faith on the part of the buyer Saltz does not prevent the plaintiff from obtaining relief, since good faith cannot validate a void transaction. In fact, a good faith buyer is involved in nearly every contested tax sale, yet courts have set aside such sales when the IRS has acted improperly. *See, e. g. Reece v. Scoggins, supra.*

Upon return of said Liquor License to the plaintiff, the Department of the Treasury shall refund to Joseph B. Saltz the amount of his purchase price for said license.

AND IT IS SO ORDERED.

---

2. B.J.R. Mace, Inc. might also be entitled to compensation from Saltz for returning the liquor license. Presumably, any such rights would depend on the nature of the assignment agreement, which is not before the Court.