**GRABLE & SONS METAL PRODUCTS, INC.,**
**Plaintiff**

v.

**DARUE ENGINEERING & MANUFACTURING, INC., Defendant.**

**Darue Engineering & Manufacturing, Inc., Third–Party Plaintiff,**

v.

**United States of America, Third–Party Defendant.**

**No. 1:01–CV–37.**

United States District Court,
W.D. Michigan,
Southern Division.

March 28, 2002.

---

James Thomas Schaeffer, Schaeffer, Meyer & MacKenzie, Marshall, MI, for Grable & Sons Metal Products, Inc.

Michael C. Walton, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, for Darue Engineering & Manufacturing, Inc.

Elizabeth Lan, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

## OPINION OF THE COURT

MCKEAGUE, District Judge.

This is a quiet title action. Plaintiff Grable & Sons Metal Products, Inc. ("Grable"), commenced the action in the Eaton County Circuit Court, asking the court to remove a cloud on its title to certain real property in Eaton Rapids, Michigan. The cloud was created by a quitclaim deed purporting to convey all of plaintiff's interest in the subject property from the District Director of Internal Revenue to defendant Darue Engineering & Manufacturing, Inc. ("Darue"), pursuant to a tax sale. Plaintiff alleges the quitclaim deed is void because plaintiff never received *proper* notice of the Internal Revenue Service seizure of the property in the first place.

Defendant Darue removed the action to this Court, properly contending that adjudication of plaintiff's claim necessarily turns on a proposition of federal law, *i.e.*, the IRS's compliance with the notice requirements of 26 U.S.C. § 6335(a). Subsequently, defendant Darue filed a third-party complaint alleging the United States is liable for Darue's damages if Darue's quitclaim deed is declared void.

The relevant facts are not disputed. Thus, the parties have submitted plaintiff's quiet title claim for judgment as a matter of law based on briefs and oral arguments of counsel. Also before the Court is the United States' motion to dismiss the third-party complaint for lack of subject matter jurisdiction, in that sovereign immunity has not been waived. For the reasons that follow, the Court will award judgment to Darue on plaintiff's quiet title claim, there-

by obviating the need for further proceedings on the third-party complaint.

## I

It is undisputed that in 1994, the IRS seized the subject Eaton Rapids property, commonly known as 601–701 W. Plains Road, then owned by plaintiff Grable, due to plaintiff's failure to pay corporate income taxes for some six years. It is also undisputed that 26 U.S.C. § 6335(a) requires, under the instant circumstances, that notice of the seizure be "given" personally to the owner of the property.[1] Plaintiff was served notice of the seizure by certified mail. The United States concedes that conditions prerequisite to authorized service by mail were not met.

Yet, despite undisputedly receiving actual notice of the seizure and subsequent sale of the property on December 13, 1994, and despite its knowledge that the validity of the notice received was questionable, plaintiff took no action to prevent the sale or to redeem the property following the sale to Darue. Darue purchased the property on December 13, 1994 for $44,500. The quitclaim deed was executed on November 13, 1995. Not until December 14, 2000 did plaintiff commence this action challenging the validity of the conveyance.

## II

[_] Plaintiff contends that because the procedure attending the IRS seizure of its property was undeniably flawed, the conveyance from the IRS to Darue is void and the quitclaim deed is ineffective to transfer valid title. Plaintiff's claim finds support

in the case law. In *Village of Dimondale v. Grable*, 240 Mich.App. 553, 618 N.W.2d 23 (2000), the Michigan Court of Appeals addressed a nearly identical issue concerning other property of Grable & Sons Metal Products, Inc. The court concluded that notice of seizure by certified mail was not in strict compliance with the requirements of 26 U.S.C. § 6335(a). *Id.* at 567–69, 618 N.W.2d 23. Absent strict compliance, the IRS was held not to have perfected its right to sell clear title. *Id.* Consequently, the ensuing tax sale of the land was deemed void and the tax deed was held to be invalid. *See also Goodwin v. United States*, 935 F.2d 1061, 1065 (9th Cir.1991) (requiring strict compliance with the § 6335 notice requirements); *Kulawy v. United States*, 917 F.2d 729, 734–35 (2nd Cir.1990) (same); *Reece v. Scoggins*, 506 F.2d 967, 970–71 (5th Cir.1975) (same); *Aqua Bar & Lounge, Inc. v. United States*, 438 F.Supp. 655, 658 (E.D.Pa.1977) (same).

However, there is also case law support for the proposition that substantial compliance with the § 6335(a) notice requirements is sufficient to validate the subsequent tax sale. The § 6335 notice requirements are designed to protect the taxpayer by giving him an opportunity to be present at the tax sale and bid on the property. *Reece*, 506 F.2d at 971. In *Kabakjian v. United States*, 267 F.3d 208 (3rd Cir.2001), the court held the § 6335 notice requirements must be viewed in light of 26 U.S.C. § 6339(b)(2):

> Under 26 U.S.C. § 6339(b)(2), where a deed to real property conveys property

---

1. Section 6335(a) provides:

 **(a) Notice of seizure.**–As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner

cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.

seized under § 6335, such a deed operates as a conveyance of all the delinquent taxpayer's right, title and interest in the property so long as the proceedings "have been substantially in accordance with the provisions of law."

*Id.* at 213. Thus, notwithstanding a failure to strictly comply with § 6335–in that the delinquent taxpayers received actual notice of seizure and sale by certified mail, rather than personal delivery–the validity of the ensuing sale was upheld. In the absence of any showing of prejudice, the court held that the Kabakjians' undisputed actual notice of seizure and sale demonstrated substantial compliance with § 6335, sufficient to transfer title. *See also Kaggen v. Internal Revenue Service,* 71 F.3d 1018, 1021 (2nd Cir.1995) (holding substantial compliance with § 6335(a) to be sufficient).

Plaintiff insists that *Kabakjian* is wrongly decided, based on "faulty statutory construction." Plaintiff contends that § 6339(b)(2) does not mean what it seems plainly to say. Section 6339(b)(2) provides:

> **(b) Deed of real property.**–In the case of the sale of real property pursuant to Section 6335–
>
> . . . .
>
> **(2) Deed as conveyance of title.**–If the proceedings of the Secretary as set forth have been substantially in accordance with the provisions of the law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States attached thereto.

"Substantially in accordance with the provisions of law" refers exclusively, plaintiff contends, to the provisions of state law

that govern execution of the deed resulting from the tax sale.

Plaintiff has cited case law recognizing that state law governs the execution of the deed and federal law governs the tax sale procedure. *See Martin v. United States,* 37 Fed.Cl. 86, 90 (1996); *Fuentes v. United States,* 14 Cl.Ct. 157, 166–67 (1987). Yet, these cases do not suggest that the substantial compliance language of § 6339(b)(2) applies *only* to the requirements of state law, and plaintiff has cited no published opinion that expressly so holds.[2] In fact, the substantial compliance language of § 6339(b)(2), referring not to the execution of the deed, but to "the *proceedings* of the Secretary" in connection with the sale of real property pursuant to § 6335, directly contradicts plaintiff's proffered construction.

 Accordingly, the Court remains unpersuaded that *Kabakjian* is wrongly decided. Consistent with *Kabakjian,* the Court concludes that § 6339(b)(2) means what it says. Assuming all other pertinent requirements of state and federal law are met, substantial compliance with the notice requirements of § 6335(a) is sufficient to support valid transfer of title through the tax deed. Inasmuch as plaintiff undisputedly received actual notice of the seizure of its Eaton Rapids property by certified mail; was afforded ample opportunity to be present at the tax sale and bid on the property; and has not even argued that it suffered *any* prejudice as a result of the IRS's failure to personally deliver notice, the Court is satisfied that § 6335(a) was substantially complied with. It follows, pursuant to § 6339(b)(2), that the tax deed conveying plaintiff's right, title and interest in the property to Darue is valid and effective as against plaintiff's present challenge.

---

**2.** The cases cited by plaintiff in support of strict enforcement of the § 6335 notice requirements, *supra,* at p. 696, do not even mention § 6339(b)(2).

## III

■ This result is consistent with other decisions that have resorted to equitable principles, rather than § 6339(b)(2), to avoid unjust results that would otherwise proceed from strict enforcement of the § 6335 notice requirements. In *Howard v. Adle,* 538 F.Supp. 504, 508 (E.D.Mich. 1982), the court recognized that a quiet title action is an equitable action. The court further recognized that under Michigan law, a party aggrieved by a defective tax sale must act promptly and equitably to avoid the sale. *Id.* That the § 6335 notice in Howard was technically defective was deemed to render the ensuing sale not void, but voidable. In weighing the equities and upholding the validity of the sale, the court found three circumstances dispositive: (1) the taxpayers received actual written notice of the impending tax sale; (2) the taxpayers understood the significance of the notice and had the opportunity to be present at the sale; and (3) the taxpayers waited until after the redemption period had passed and the tax deed was executed before challenging the validity of the sale. *Id.* at 508–09. Thus, because the purpose of the § 6335 notice requirements was satisfied and the taxpayers had delayed unreasonably in enforcing their procedural rights, the court concluded they were not entitled to relief in equity. *See also, VanSkiver v. United States,* 751 F.Supp. 1522, 1525–26 (D.Kan.1990) (following *Howard); Melling v. Mattley,* 10 Neb.App. 745, 754–58, 637 N.W.2d 661, 668–71 (2002) (same).

The instant facts are materially indistinguishable from those in *Howard.* In fact, the instant facts present an even more compelling case for denial of equitable relief. Whereas the Howards waited until five months after the tax sale to enforce their procedural rights, plaintiff Grable waited, inexplicably, some six years after the sale before commencing this action. Plaintiff has thus not shown entitlement to the equitable relief it seeks.

The Michigan Court of Appeals decision in *Village of Dimondale v. Grable, supra,* appears to be at odds with this ruling. A closer reading, however, suggests otherwise. In *Dimondale,* where Grable was the *defendant* in a quiet title action, the court refused to bar Grable's invocation of the notice defect as a defense. *Id.,* 240 Mich.App. at 570, 618 N.W.2d 23. The court implied that if Grable had been seeking equity as the plaintiff, as were the Howards in *Howard v. Adle,* then Grable would have "opened the door" to the defendant's claim that Grable acted inequitably by failing to timely challenge the sale. The court observed that equity is a shield, not a sword. *Id.*

Here, consistent with this teaching of *Dimondale,* defendant Darue has properly invoked equity as a shield to protect the validity of title it received more than five years ago. Because plaintiff Grable received actual notice of the seizure and sale, was not prejudiced by the technical notice defect, and has not offered any explanation or justification for its lengthy delay in challenging the sale, equity denies plaintiff relief.[3]

## IV

For the foregoing reasons, there being no genuine issue of material fact, the Court concludes that defendant Darue is entitled to judgment as a matter of law on plaintiff's quiet title claim against it. The tax deed conveying plaintiff Grable's right,

---

**3.** The Court notes that, in each of the cases cited by plaintiff in support of strict enforcement of the § 6335 notice requirements, *supra,* at p. 696, the equities more clearly favored the challenging taxpayer, who challenged the validity of the tax sale either prior to the sale or reasonably promptly thereafter.

title and interest in the subject property to Darue is valid and effective.

This result renders Darue's third-party action against the United States moot. The third-party complaint will therefore be dismissed.