Kenneth ROSSI and Anita Rossi, dba
Princeton Investment
Company, Plaintiffs,

v.

UNITED STATES of America, B.J.
Peters, James Meler, and Carmen
Meler, Defendants.

Civ. No. 89–6317–JO.

United States District Court,
D. Oregon.

Aug. 29, 1990.

Kenneth Rossi and Anita Rossi, Bandon, Or., pro se.

Charles H. Turner, U.S. Atty., Portland, Or., David M. Katinsky, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

B.J. Peters, Bandon, Or., pro se.

James Meler, Carmen Meler, Portland, Or., pro se.

## OPINION AND ORDER

ROBERT E. JONES, District Judge:

Plaintiffs Kenneth and Anita Rossi bring this action to challenge the seizure and sale of plaintiffs' land by the Internal Revenue Service (IRS) to satisfy income tax indebtedness. Plaintiffs challenge the procedural regularity of the tax assessment and the notice of tax liability and demand for payment, or alleged lack of, by the IRS prior to the seizure and sale of plaintiffs' land. Plaintiffs also claim that the IRS unlawfully disclosed plaintiffs' tax return information. Plaintiffs name the United States and the subsequent purchasers of plaintiffs' land as defendants.

Plaintiffs' motion to strike portions of the United States' motion for summary judgment is based upon the Fed.R.Civ.P. 56(e) which provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Specifically, plaintiffs seek to strike the declaration of Roy Browning, the declara-

tion of Jean Duncan, the Recommendation for Jeopardy Assessments, the Certificates of Assessments and Payments and Form 3552.

■ Plaintiffs challenge the declaration of Roy Browning, a Revenue Officer with the IRS in Fresno, California, on various grounds. Plaintiffs assert that Browning had no personal knowledge of the Recommendations for Jeopardy Assessment ("Recommendations") attached as exhibits to his declaration in violation of Fed.R. Civ.P. 56(e). Although plaintiffs correctly challenge the admissibility of the Recommendations, plaintiffs base their challenge upon erroneous grounds.[1] The proper grounds upon which to challenge the Recommendations is that the Recommendations are not sworn or certified copies as required by Fed.R.Civ.P. 56(e). Plaintiffs' motion to strike the Recommendations for Jeopardy Assessment is granted.

■ Plaintiffs seek to strike the Certificates of Assessments and Payments, the Forms 4340, and the Summary Record of Assessments, the Form 23C, because Browning failed to attest to those forms. Although authentication of records sought to be introduced in evidence is essential, *See* Fed.R.Evid. 901, the records in this case are exempt from the usual authentication requirements. The Certificates of Assessments and Payments and the Summary of Assessments are "self-authenticating."[2]

Fed.R.Evid. 902(4) provides that "[a] copy of an official record ... including data compilations ... certified as correct ... [by a] person authorized to make the certification ..." is self-authenticating and the proponent of the evidence need not lay a foundation for the evidence to be admissible. The Forms 4340 and 23C are preceded by a "Certificate of Official Record" signed by the Director of the Ogden Service Center certifying that the attached forms are true. The records are properly certified and thus are self-authenticating.[3]

■ Plaintiffs engage in a lengthy discussion of the IRS' computer system in the hopes of striking the Certificates of Assessments and Payments, the Forms 4340. Plaintiffs argue that since the Certificates of Assessments and Payments are merely interpretations of information contained in the Individual Master File ("IMF"),[4] the Forms 4340 are inadmissible in evidence. Plaintiffs cite to *United States v. Buford,* 889 F.2d 1406 (5th Cir.1989), for support. The court does not agree with plaintiffs' conclusion that the Certificates of Assessments and Payments are rendered inadmissible in evidence simply because they are transposed from a coded computer printout.

In *Buford, supra,* defendant challenged his conviction of various tax crimes. Prior to trial, the district court granted defendant's request to review his IMF in camera. The district court, however, failed to conduct the in camera review. At trial, for impeachment purposes only, the United States asked the defendant if he filed his

---

1. While personal knowledge is an essential affidavit requirement, the plaintiffs too strictly construe the meaning of the phrase. To constitute personal knowledge the affiant must know, not believe to be true, the fact to which the affiant attests. *See Coca–Cola Co. v. Overland, Inc.,* 692 F.2d 1250, 1255 (9th Cir.1982) ("Overland's employees are not qualified to testify as to what their customers are thinking ..."). Plaintiffs incorrectly constrain the definition of personal knowledge to require that the affiant actually did the act in question.

2. Plaintiffs also make a claim that the Forms 4340 and 23C were not properly certified. This contention is erroneous because the forms were properly certified.

3. Plaintiffs cite to *United States v. Stout,* 667 F.2d 1347 (11th Cir.1982), for support that Fed. R.Evid. 902(4) is not applicable in the present case. The holding in that case was based upon Fed.R.Evid. 803(10), an irrelevant provision to the present dispute.

4. "Every person who files a Form 1040 has, under his social security number, a file in the IRS master computer in West Virginia. The form generated by the computer is referred to as the Individual Master File ("IMF"). The IMF consists of one or more pages of coded information for each social security recipient and includes, primarily, a breakdown of all information relevant to the tax status of the individual concerning the filing of federal income tax forms, the payment of taxes, refunds due...." *United States v. Buford,* 889 F.2d 1406, 1407 (5th Cir.1989).

tax returns. Defendant responded that he did file his tax returns. The United States then introduced the testimony of an IRS records custodian to contradict defendant's testimony. The Fifth Circuit found the district court abused its discretion by not conducting the in camera review of the IMF, while admitting conflicting secondary evidence. The Fifth Circuit remanded the case to the district court to conduct the in camera review.

In *Buford,* the Fifth Circuit did not mandate that the IMF be introduced in evidence or state that Certificates of Assessments and Payments are inadmissible. The Fifth Circuit merely concluded that the best evidence of the contents of the IMF is the IMF itself and not conflicting secondary evidence. *See* Fed.R.Evid. 1002. In the present case, plaintiffs do not dispute the numbers on the Certificates of Assessments and Payments or the fact that plaintiffs did not file income taxes. Plaintiffs do not dispute the contents of the IMF. Plaintiffs rather are attacking the entire system of the IRS in transcribing and storing information instead of pointing to any specific item or possible error. This court is not the proper forum for such an attack.

■ Plaintiffs further challenge the Forms 4340 on the basis that these forms are hearsay.[5] The Forms 4340 are not hearsay because these records fit within the "public records" exception. Fed.R. Evid. 803(8). "Records ... or data compilations ... of public offices or agencies setting forth ... the activities of the office or agency ..." are not excluded by the hearsay rule. Fed.R.Evid. 803(8). There can be no doubt that the activities of the employees of the IRS include the charting and tracking of the assessment, collection and payment of taxes.

Plaintiffs claim that the inclusion of dates from the Form 23C in the Forms

4340 renders the Forms 4340 inadmissible. The date inclusion merely creates a double hearsay issue; the 23C date must fit within a hearsay exception and the Forms 4340 which contain the date must also fit within a hearsay exception. The "public records" exception to the hearsay rule admits the Forms 4340 as well as the 23C date contained within the Forms 4340. Plaintiffs' motion to strike the Forms 4340 and the 23C dates is denied.

■ Plaintiffs next move to strike Browning's declaration because of Browning's failure to include in his declaration a delegation order, a statement of Browning's authority. Browning states that he made a jeopardy assessment against the plaintiffs, but fails to mention the authority pursuant to which he made the jeopardy assessment in his declaration. This omission is not fatal because the documents which the United States seeks to introduce are self-authenticating. The United States' failure to lay a proper foundation regarding Browning's authority to make a jeopardy assessment against the plaintiffs is permissible.[6]

■ Plaintiffs claim that Browning did not possess personal knowledge regarding the entry of the plaintiffs' address in the IRS computer. As already mentioned, plaintiffs too narrowly construe the personal knowledge requirement. Plaintiffs' motion to strike the sentence of Browning's declaration relating to the plaintiffs' address as the address appeared on the IRS computer at the time the assessments were made is denied.

■ The IRS is required to send notice of tax liability and demand payment. 26 U.S.C. § 6303(a). Plaintiffs seek to strike exhibit 3 to Browning's declaration, Form 3552, on the ground that the form does not

5. Interestingly enough, plaintiffs do not challenge the Form 23C on hearsay grounds although the Form 23C also fits within the hearsay definition. "Hearsay" is an out of court statement "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).

6. The court is unclear what exactly a jeopardy assessment is and how a jeopardy assessment is different from the Form 23C Summary of Assessments. The court assumes a jeopardy assessment is different from the Form 23C Summary of Assessments because William Murphy is the assessment officer who signed the Form 23C, not Roy Browning.

sufficiently comply with the requirements of 26 U.S.C. § 6303(a). The court cannot declare as a matter of law whether Form 3552 satisfies the statutory requirements. Plaintiffs' motion to strike Form 3552 is denied.

■ Plaintiffs next attack the declaration of Jean Duncan, a Revenue Officer with the IRS in Portland, Oregon. Plaintiffs assert that Duncan's statement regarding the lack of an Oregon residence of plaintiffs is a misstatement. Plaintiffs point to exhibit 5 attached to Duncan's declaration which lists Bandon, Oregon as plaintiffs' residence.[7] The United States' motion for summary judgment shows on its face, contrary to the usual objective of a motion for summary judgment, that a genuine issue of material fact remains for trial regarding the existence of plaintiffs' Oregon residence.

Plaintiffs' other contentions regarding Duncan's declaration manifest the existence of other material facts which remain for trial. Issues like whether Duncan made an effort to mail notice to plaintiffs at their Oregon address and why Duncan sent Anita Rossi a notice of seizure and did not also send a notice to Kenneth Rossi remain to be determined by a finder of fact at trial.

Plaintiffs also challenge Duncan's authority to sell plaintiffs' land. Duncan contends that a form attached as exhibit 15 to Duncan's declaration authorized her to conduct the sale. Exhibit 15, however, grants to the Chief of the Collection Division the power to sell. Duncan does not allege, nor was she, the Chief of the Collection Division. Moreover, the form to which Duncan refers for the authority to conduct the sale also plainly states that such authority may not be redelegated. The Chief of the Collection Division could not, according to the form, delegate the authority to conduct the sale of plaintiffs' land to Duncan. Under what authority Duncan sold the plaintiffs' property is unknown.

Plaintiffs also claim that Duncan lacked personal knowledge regarding the location of the sale of plaintiffs' property, a matter to which Duncan attested. Duncan, undoubtedly, did have personal knowledge regarding the location of the sale of plaintiffs' property.

Plaintiffs' motion to strike any portion of Duncan's declaration is denied. Plaintiffs, however, in their motion to strike have effectively responded to the United States' motion for summary judgment by showing that significant factual issues regarding the notice of tax liability and the demand for payment remain to be resolved at trial.

■ The court, having proceeded item by item through plaintiffs' motion to strike, as a matter of law orders that summary judgment be ordered in favor of the United States regarding the procedural regularity of the assessment. The Certificates of Assessments and Payments are "presumptive proof of a valid assessment." *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.1989) (citing *United States v. Dixon*, 672 F.Supp. 503, 506 (M.D.Ala.1987)). Plaintiffs in their motion to strike are unable to rebut the presumption. Plaintiffs do not challenge the tax liability determination by the IRS, just the procedures. Plaintiffs fail to proffer any evidence regarding noncompliance with any procedure by the IRS.

■ Summary judgment is also entered in favor of the United States on the issue of unlawful disclosure of plaintiffs' tax return information. Plaintiffs' allegation of unlawful disclosure is contingent upon plaintiffs' contention that a valid assessment did not exist prior to the United States disclosing the information. Having decided that a valid assessment did exist, no claim regarding the unlawful disclosure of plaintiffs' return information remains.

Summary judgment, however, is inappropriate on the issue of notice and demand. Significant factual issues regarding the notice and demand communicated by the IRS

---

7. Plaintiffs also cite to the United States' amended answer for support that the IRS knew that plaintiffs resided in Oregon. The United States' amended answer, however, only admits that plaintiffs currently live in Oregon.

to plaintiffs before the seizure and sale of plaintiffs' land remain disputed.

Plaintiffs also move to defer ruling on summary judgment pursuant to Fed.R. Civ.P. 56(f). The court, in examining the proposed discovery which plaintiffs contend is essential for plaintiffs' response to the United States' summary judgment motion, fails to see how the proposed discovery would rebut the presumption of the valid assessment against the plaintiffs. Plaintiffs' proposed discovery, however, is extremely relevant to the issue of the notice of tax liability and the demand for payment by the IRS transmitted to the plaintiffs prior to the seizure and sale of plaintiffs' property, the issue remaining in this case. Plaintiffs' motion to defer ruling on summary judgment is denied.

The United States' motion for summary judgment (# 64) is GRANTED in part and DENIED in part as consistent with this opinion. Plaintiffs' motion to defer ruling on summary judgment (# 67) is DENIED. Plaintiffs' motion to strike is GRANTED in part and DENIED in part as consistent with this opinion.