Raymond J. VAN SKIVER and Alma L. Van Skiver, Plaintiffs,

v.

UNITED STATES of America and John Does, Defendants.

No. 89–1470–C.

United States District Court, D. Kansas.

Nov. 28, 1990.

Raymond J. Van Skiver, Alma L. Van Skiver, Wichita, Kan., pro se.

Charles S. Kennedy, III, Tax Div., U.S. Dept. of Justice, Washington, D.C., Benjamin Burgess, U.S. Atty., Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This matter comes before the court upon the plaintiffs' motion to reconsider. On July 16, 1990, the court issued its memorandum and order in which plaintiffs' motion for summary judgment, motion for an order to strike motion for default judgment, motion to strike of May 15, 1990, and complaint against John Does were each dismissed. The Government's motion for summary judgment was granted.

The plaintiffs have submitted a fifteen page brief in support of their motion to reconsider. The brief is divided into several separately numbered paragraphs. The brief basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court. This, of course, is not the purpose of a motion to reconsider.

In a motion to reconsider, the court has the opportunity to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided issues outside of those the parties presented for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd* 770 F.2d 98 (7th Cir. 1985). It is inappropriate for the movant to advance new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed. *Butler v. Sentry Ins. A. Mut. Co.*, 640 F.Supp. 806, 812 (N.D.Ill.1986). The court will, however, briefly address the major points presented by the plaintiffs. The plaintiffs have also made two requests for orders of mandamus.

*Appropriateness of Summary Judgment*

The plaintiffs contend, inter alia, that the court has misinterpreted the appropriate standard for granting summary judgment and that the court, in its ruling, has placed the plaintiffs in the position of "proving the negative." In its July 16, 1990, memorandum, the court dedicates one page to discussing the appropriate standard of review. Simply put, the plaintiffs have failed to produce any evidence upon which a reason-

able juror could find for them under any of the theories they have advanced. Conversely, the Government has adequately demonstrated that the tax assessments were procedurally valid and that appropriate notices were mailed/and or delivered to the plaintiffs. The Government is entitled to summary judgment as a matter of law.

*Validity of the Tax Assessment*

■ The plaintiffs raise several arguments concerning the validity of the tax assessments. The plaintiffs primarily argue that the absence of a Form 23C and the presence of the "highly questionable" Form 4340 invalidates the tax assessment. In *Schmidt v. King*, 913 F.2d 837 (10th Cir.1990), a case decided after this court issued its memorandum order on July 16, 1990, the plaintiffs brought a quiet title action in which they sought to "attack the procedures of the assessment and notice and demand and, ultimately, the adjudication of whether they owe taxes." 913 F.2d at 839. The Tenth Circuit dismissed the plaintiffs' case for lack of jurisdiction. "Section 2410 does not extend to challenges for procedural irregularities in assessment or collection of taxes." *Id.* It appears, therefore, that this issue is not properly before the court.[1]

*Validity of the Government's Affidavits*

The plaintiffs contend that the affidavits submitted by the Government are not in compliance with Fed.R.Civ.P. 56(e). First, the plaintiffs contend that the affidavits are prepared without personal knowledge. Second, the defendants contend that the Form 4340 (or any computer generated documents) is "hearsay spawned in hearsay."

■ Both arguments are without merit. As to the issue of whether or not the Government's affidavits have been prepared by individuals with personal knowledge, the court concludes that the affidavits satisfy the personal knowledge requirement of Fed.R.Civ.P. 56(e). The plaintiffs' interpretation of the phrase "personal knowledge" is either too narrow or inapplicable. For example, Charles I. Tincher's affidavit is clearly based upon his own personal knowledge and/or his own files. As to the other affidavits, those affidavits are based upon each affiant's personal knowledge after reviewing the plaintiffs' file. Other courts have dismissed similar attacks made upon the affidavits of I.R.S.' employees.

> Plaintiff argues that Debra Vahe's [Internal Revenue Officer] affidavit cannot meet the "personal knowledge" requirement of Rule 56(e) since Vahe's declarations are based upon her review of the I.R.S. computer-generated files. Although plaintiff's argument is superficially persuasive, it tends to prove too much in that it would bar almost all affidavits in these sorts of cases since most affidavits are based upon a review of a taxpayer's records. Consequently, Vahe's affidavit complies with Rule 56(e) in that it is based upon her personal familiarity with plaintiff's case and her review of plaintiff's file.

> n2 Furthermore, even if Vahe's affidavit were somehow not in compliance with Rule 56(e), the accompanying exhibits would still be admissible since they do not depend upon the affidavit for a foundation.

*Vote v. United States of America*, 1990 U.S. Dist. LEXIS 7531 (D.Nev. June 6, 1990). *See Rossi v. United States of America*, 1990 U.S. Dist. LEXIS 11550 (D.Oregon August 29, 1990).

■ As to plaintiffs' argument that Form 4340 is hearsay, the court once again directs the parties' attention to *Schmidt v. I.R.S.*, 717 F.Supp. 763 (D.Kan.1989), a case in which Judge Saffels dismissed this same argument. *See also Vote v. United States*, 1990 U.S. Dist. LEXIS 7531 (D.Nev. June 6,

---

1. In any event, the documents provided by the Government adequately demonstrate that a valid assessment was made against the plaintiffs' property. *See United States v. Chila*, 871 F.2d 1015, 1017–1018 (11th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *Rossi v. United States*, 1990 U.S. Dist. LEXIS

11550 (D.Oregon August 29, 1990); *Carroll v. Chivatero*, 1990 WL 118766, 1990 U.S. Dist. LEXIS 8930 (N.D.Ohio, July 2, 1990); *United States v. Dixon*, 672 F.Supp. 503 (M.D.Ala.1987), *aff'd* 849 F.2d 1478 (11th Cir.1988); *Walker v. Mirarchi*, 1990 WL 107532, 1990 U.S. Dist. LEXIS 7942 (M.D.Penn. June 21, 1990).

1990); *Rossi v. United States*, 1990 U.S. Dist. LEXIS 11550 (D.Oregon August 29, 1990). Form 4340 is not hearsay.

### 26 U.S.C § 6335(a) and (b)

■ The plaintiffs contend that the Government's failure to strictly follow the procedure required by 26 U.S.C. § 6335(a) and (b) invalidates the sale. Specifically, the plaintiffs contend that because the Government failed to personally serve the plaintiffs with notice of seizure and notice of sale, the Government has "erroneously and illegally seized/sold" the plaintiffs' property.

The court is not persuaded that the I.R.S.'s apparent failure to strictly comply with 26 U.S.C. § 6335(b) necessitates a reversal of its earlier entry of summary judgment in favor of the Government. Several reasons support this ruling. The court notes that this argument is fully presented for the first time in the plaintiffs' motion to reconsider. While the plaintiffs did plead non-compliance with section 6335 in their original complaint, the court can only locate one specific sentence in the plaintiffs' response to the Government's motion for summary judgment which cogently deals with that section. At no point did the plaintiffs refer to any of the case law upon which they now rely on in their motion for reconsideration. The cornerstone of the plaintiffs' argument is *Reece v. Scoggins*, 506 F.2d 967 (5th Cir.1975). In *Reece*, an I.R.S. agent personally served Reece with notice of seizure. Over the next two weeks the I.R.S. attempted to give Reece notice of sale, but found no one at home and departed without leaving any written notice at the residence. The I.R.S. did mail Reece notice of sale, however, that letter did not reach Reece's residence until the day of the sale. The Fifth Circuit concluded that because the I.R.S. had failed to meet the procedural requirements of § 6335(b), the district court properly ordered the purchaser of the land return the property in return for a refund of the purchase price.

The case at bar is factually distinguishable. In this case, the plaintiffs were personally served with notice of seizure. Although the I.R.S. apparently did not attempt to provide personal service of notice of sale, it did send the plaintiffs notice by certified mail. The return receipts bear the plaintiffs' signatures. Because no bidders (including the plaintiffs) appeared at the public auction, the sale was rescheduled to April 23, 1987. Notices were sent to the plaintiffs of the rescheduled sale on April 13, 1987, more than a week prior to the sale. Therefore, unlike the plaintiff in *Reece*, the plaintiffs in this case were given ample opportunity to attend the sale to purchase the seized property.

The court could find no case which precisely matches the facts of this case. *Howard v. Adle*, 538 F.Supp. 504 (E.D.Mich. 1982), is factually similar. In *Howard*, the I.R.S. properly served the plaintiffs of notice of seizure. However, the I.R.S., as in the case at bar, did not attempt to personally serve the plaintiffs with the notice of sale, but instead sent the notice by certified mail. Notwithstanding the I.R.S.' failure to strictly comply with 26 U.S.C. § 6335, the district court did not set aside the federal tax sale of the plaintiffs' real estate.

■ The district court recognized that strict compliance with § 6335 is generally required to uphold the validity of an I.R.S. seizure and sale. However, the district court did not find the fact that the I.R.S. had not complied with § 6335 as dispositive. The district court recognized that a quiet title action is a claim based in equity. 538 F.Supp. at 508. Therefore, in order to seek equity the plaintiffs must have done equity. The court concluded that the plaintiffs had failed to act with sufficient promptness. Significantly, the plaintiffs in *Howard* had actual notice prior to the sale.

The district court distinguished *Reece* and *Aqua Bar & Lounge, Inc. v. United States*, 438 F.Supp. 655 (E.D.Pa.1977), another case requiring strict compliance with § 6335. First, neither *Reece* nor *Aqua Bar* had considered whether the taxpayer was entitled to equitable relief under the applicable state law. 538 F.Supp. at 508–509.

The court then commented:

Second, in neither case did the undisputed facts show that the taxpayer received

prior written notice of the sale. In *Reece* not only was there no personal service, but notice of the sale was not mailed in time to be delivered prior to the sale date, and no notice of the adjourned sale date was mailed. Thus there was a substantial issue whether the taxpayer had been given "an opportunity to be present at the tax sale and bid on the property", *the central purpose of the statutory notice requirements.* 506 F.2d at 971. The court in *Aqua Bar* refused to speculate as to whether mailed notice of sale had actually reached the taxpayer because the "purpose of requiring a particular method of giving notice is to prevent disputes over whether notice was received". 438 F.Supp. at 657. (Emphasis added).

538 F.Supp. at 509.

This court finds this analysis persuasive. A quiet title action is an action based in equity. *See Erskine v. Dykes,* 158 Kan. 788, 150 P.2d 322 (1944). The plaintiffs in this action have pointed to nothing in the record to demonstrate they are entitled to equitable relief. Rather, the record indicates that the plaintiffs, although obviously familiar with the I.R.S. code and pertinent regulations,[2] chose to wait over two years before bringing this quiet title action. The court notes that the notice of seizure personally delivered to the plaintiffs mentions section 6331, the first section under Subchapter D—Seizure of Property for Collection of Taxes. The notice of public sale received by the plaintiffs through certified mail specifically mentions § 6335. The plaintiffs were sufficiently alerted to the regulations governing the sale of the seized property.

The technical non-compliance of the I.R.S. in providing notice is insufficient to warrant the reversal of summary judgment in favor of the Government. Noticeably absent from all of the plaintiffs' discussion of this issue is any contention by the plaintiffs that they did not have actual knowl-

edge of the seizure and sale of the property or that they did not receive timely notice of the sale. The evidence indicates that they were given proper notice of seizure of the property. The January 30, 1987, return receipts indicate that the plaintiffs actually received the notice of sale. Rather than challenge the validity of the service then, or during the 180 day period of redemption,[3] the plaintiffs have waited over two years to bring this action. "Equity aids the vigilant and not those who slumber on their rights." *Rex v. Warner,* 183 Kan. 763, 770–771, 332 P.2d 572 (1959). Under these circumstances, the Government is entitled to summary judgment.

The purpose of the section 6335(b) is to insure that the owners of property are given adequate notice of seizure and intended sale of property. In this case the purpose of section 6335(b) was served. As a matter of law, it would be inequitable for the court to set aside, after more than two years of delay, the sale of the property on a mere technicality.

*Order of Mandamus*

The plaintiffs move for an order of mandamus, "pursuant to 26 USC 6203 and Treasury Regulations 301.6203—1, to Move the Court for an Order of Mandamus to Compel the Internal Revenue Service … to furnish to the above named Plaintiffs that Congressionally Mandated Assessment," namely a Form 23C. The Government contends that if its responses to discovery requests were inadequate, the plaintiffs should have sought a motion to compel discovery.

As the Government suggests, this request is in reality an untimely discovery request. In any event, as discussed above, the documents provided by the Government, namely the Certificate of Assessments and Payments, fulfill the plaintiffs' requests. Therefore, an order of mandamus is both unnecessary and inappropriate.

---

**2.** The record contains several letters written by the plaintiffs to the IRS over the past five years. Those documents indicate that the plaintiffs have access and some familiarity with the Internal Revenue Code and pertinent regulations.

**3.** 26 U.S.C. § 6337(b)(1).

IT IS THEREFORE ORDERED that plaintiffs' motion to reconsider (Dk. # 33) and plaintiffs' two motions for orders of mandamus (Dk. # 34–35) are denied.