UNITED STATES of America,
Plaintiff,

v.

Gary B. ANDERSON; Gail L. Anderson; Peterson Ross Schloerb and Seidel; Michael T. Slott; Gary B. Anderson Trust, Gail L. Anderson Trustee and Gary B. . Anderson Trustee as Nominees of Gary B. Anderson and Gail L. Anderson, Defendants.

No. 3:98CV0317AS.

United States District Court,
N.D. Indiana,
South Bend Division.

July 5, 2001.

respect to those statute of limitations arguments only.

## I.  BACKGROUND

### A.  Violation of § 6502

The first argument presented by the Andersons alleges the Government violated the statute of limitations by filing its complaint to recover unpaid taxes ten years after the date of the assessment. The Andersons contend that the Government's attempt to collect additional taxes for their jointly filed returns for the years 1984, 1985, 1986 (first assessment) is time barred.  The Government made assessments on November 25, 1985, December 1, 1986 and August 31, 1987 for those respective years.  Additionally, Gary Anderson contends that the Government's attempt to collect additional tax for the Garston Corp. for the years 1982 and 1983 is time barred. The Government made an assessment against Garston Corp on October 21, 1985.

The Andersons submitted an offer of compromise (Form 658) on October 13, 1987, which purportedly extended the statute of limitations.  (See Defendants' Exhibit B.) The Andersons withdrew the offer of compromise on June 18, 1990.  (See Defendants' Exhibit D.) The Government filed its complaint to recover the unpaid taxes on June 19, 1998.

The Government has presented tax transcripts for the Andersons' income tax liability for the tax years 1984, 1985 and 1986 showing an entry of an offer of compromise on October 13, 1987.  In addition, the Government presented the 1983 tax transcript for Gary Anderson as the individual responsible for the Garstan Corp., which, also indicated that Mr. Anderson entered into an offer of compromise on October 13,

Douglas W Snoeyenbos, U S Department of Justice, Christine Grant, Jennifer Gazaille Cohen, U S Department of Justice, Tax Division, Washington, DC, for USA, plaintiffs.

Murray J Feiwell, Matthew S Love, Feiwell and Hannoy, Indianapolis, Frank E Schaffer, South Bend, Michael T Slott, [Pro se], c/o Berwanger Inc., Downers Grove, for Gary B Anderson, Gail L Anderson, Peterson Ross Schloerb and Seidel, Michael T Slott fka Michael T Scott, Gary B Anderson Trust, Gail L Anderson, Trustee and Gary B Anderson, Trustee,—Gary B Anderson Trust, Gail L Anderson, Trustee and Gary B Anderson, Trustee as Nominees of Gary B Anderson and Gail L Anderson, defendants.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The Plaintiff, United States of America, (hereinafter "Government") seeks to recover unpaid taxes from the Defendants, Gary and Gail Anderson ("Andersons") filing jointly, Gary Anderson individually, and Gary Anderson as an individual responsible for the Garston or "Garstan" Corporation [1] and Brookline Industries, Inc. The Government has included various other parties in an apparent attempt to attach its claim to other property held in trust by the Defendants.  On July 31, 2000, this Court entered an order which authorized the Defendants to raise all statute of limitations defenses with respect to the Government's claims.  Hearing was held in Lafayette, Indiana on October 6, 2000 with

---

1.  The Court notes that each side uses a different spelling of one of the corporations that Mr. Anderson owns.  The Government has chosen to use Garstan Corporation, while the Andersons use Garston Corporation.

1987 to pay tax for the years 1982 and 1983. The Government seeks to prove the existence of the offer of compromise entered into by the Defendants through the production of these tax transcripts for the respective tax years in question.

The Andersons admit to submitting an offer in compromise. However, they do not recall what years the offer compromised nor do they recall whether they agreed to suspend the running of the statute of limitations. (See Defendant's Brief in Response at 5). The Andersons contend that the transcripts are inadmissible as evidence to show that a valid offer of compromise was entered into for the tax years in question.

## B. Violation of § 6501

Additionally, the Andersons allege that the Government has violated the statute of limitations with respect to the assessment of tax against them. The Andersons claim that the Government failed to make a second assessment for the 1986 tax year within three years of the extended time for assessment Also, the Andersons contend that the Government failed to make a second assessment for the 1987 tax year within three years of the filing of the return.

With respect to the 1986 tax year, the Andersons signed a consent, which extended the time to assess tax to December 31, 1991. (D's Exhibit A). The Government then issued a statutory notice of deficiency regarding the 1986 taxes on September 12, 1991. (Decl. Gary and Gail Anderson at ¶ 4). Finally, the Government made an additional assessment of tax on March 30, 1992.

With respect to the 1987 tax year, the Andersons filed their joint return on November 7, 1989. (Decl. Gary and Gail Anderson at ¶ 9). The Government issued a statutory notice of deficiency for the 1987 tax year on October 15, 1992. (Decl. Gary and Gail Anderson at ¶ 10). The Government made an assessment for unpaid taxes on March 22, 1993.

## II. DISCUSSION

The Court will first address whether the statute of limitations provision of § 6502 prohibits the Government from bringing an action for collection of the alleged unpaid taxes by the Andersons. The Government cites *U.S. v. McGaughey* 977 F.2d 1067, 1071 (7th Cir.1992) for the proposition that certain computer generated documents may be proffered to show that an offer in compromise was submitted and in turn suspended the running of the statute of limitations. Here the Government has offered several computer generated transcripts that purport to show that an offer of compromise was entered on October 13, 1987 and withdrawn on June 11, 1990. However, as the Defendants correctly point out, these documents are neither certified nor has a service center director where the transcripts have been generated represented that these documents are authentic pursuant to Rule 902 of the Rules of Evidence.

The Government enjoys the presumption of procedural regularity in administering its tasks, in the absence of clear evidence to the contrary, however, this does not excuse them from complying with the very simple requirements of showing that these documents are true and accurate. *Borg–Warner Corp. v. Commissioner,* 660 F.2d 324, 330 (7th Cir.1981). Specifically, Fed.R.Evid. 902(4) provides that "[a] copy of an official record ... including data compilations ... certified as correct ... [by a] person authorized to make the certification ..." is self-authenticating and the proponent of the evidence need not lay a foundation for the evidence to be admissible. *Rossi v. U.S.,* 755 F.Supp. 314, 316 (D.C.Or.1990) *aff'd by unpublished order* 983 F.2d 1077 (9th Cir.

1993) ("The Forms 4340 and 23C are preceded by a 'Certificate of Official Record' signed by the Director of the Ogden Service Center certifying that the attached forms are true. The records are properly certified and thus are self-authenticating."). Here the Government has failed to provide such a certification. While this point may seem a minor detail, compliance with the rule is essential to maintain the integrity of the judicial process.

Consequently, neither side has proven to the court's satisfaction that the statute of limitations has or has not expired with respect to the collection of taxes before the ten year period for the income tax assessments of 1984, 1985, the first assessment for 1986 and the liability assessed against Gary Anderson as the responsible person for the Garstan Corporation. The court is quite confident that the Government will be prepared to offer the relevant documents in accordance with the applicable rules of evidence should the Defendants raise the statute of limitations defense for the collection of income tax during the years in question at a later date.

## B.  Suspension of Statute of limitations for Assessment under § 6503

The Defendants also contend that the statute of limitations has run with respect to the assessment of income taxes against the Defendants for the second income tax assessment of 1986 and the second assessment of 1987. The Government has three years from the time that the return is filed to assess additional tax. See 26 U.S.C. § 6501(a). This period may be further extended by agreement between the Government and taxpayer. 26 U.S.C. 6501(c)(4). The Andersons concede that under § 6503 the Government has 150 days in order to fall within the statute of limitations allowed under § 6501. Section 6503(a)(1) provides that

"the running of the period of limitations provided in section 6501 ... on the mak-

ing of assessments ... shall (after the mailing of a notice[of deficiency] under section 6212(a) be suspended for the period during which the Secretary is prohibited from making the assessment ...) (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter."

█ Absent an agreement to extend time for assessment, the time for assessment after the IRS has sent a notice of deficiency begins with a 90 day period in which the taxpayer may seek a decision from the tax court. *Ripley v. Comr.* 103 F.3d 332, 335–336 (4th Cir.1996) See Also: *Ramirez v. United States,* 210 Ct.Cl. 537, 538 F.2d 888, 893, *cert. denied,* 429 U.S. 1024, 97 S.Ct. 642, 50 L.Ed.2d 625 (1976). Next, the Government has an additional 60 days after the tax court has rendered a final opinion or if the taxpayer fails to petition the tax court after the conclusion of the 90 days. See 26 U.S.C. § 6503(a). Thus, at a minimum the Government has 150 days from the end of the three-year period in which it may assess additional tax or an extended period if the taxpayer has entered into an agreement to extend the period to assess additional tax.

█ The 150–day period in which to assess tax is further extended if the statutory notice of deficiency is sent before the termination of the three-year period of limitation on assessment. *Ramirez v. United States,* 210 Ct.Cl. 537, 538 F.2d 888, 893, *cert. denied,* 429 U.S. 1024, 97 S.Ct. 642, 50 L.Ed.2d 625 (1976), demonstrates how the suspension of the limitations period is applied. *Ramirez* explains "tacking" as "taking the original period of limitations allowing a number of days of suspension during which the period was tolled, and then at the end adding the unexpired period." *Ramirez,* 538 F.2d at

892. Thus, according to *Ramirez* the correct period of limitation in which the Government may assess additional tax is ascertained by first determining the original period of limitation. Next, add 150 days from the date of the statutory notice of deficiency. Finally any additional days between the mailing of the statutory notice of deficiency and the unexpired original period of limitations must be added to the 150–day period after the statutory notice was mailed.

Although no case in the Seventh Circuit has addressed this precise issue, several other decisions have adopted the method of tacking established in *Ramirez*. See *United States v. Wodtke*, 627 F.Supp. 1034, 1043 (N.D.Iowa 1985), *aff'd*, 871 F.2d 1092 (8th Cir.1988) (court said, the statute of limitations is suspended for 90 days during which time the taxpayer may file a petition with the tax court, and if no petition is filed, the limitation period is extended for an additional 60 days, plus however much time was left remaining between the date of the notice and the original statute of limitations date, pursuant to 26 U.S.C.A. § 6503(a)). See Also; *Shannahan v. United States*, 47 F.Supp.2d 1128 (S.D.Cal. 1999) (Court recognized that the days remaining in the limitation period should be tacked onto the 150 day period. Since 19 days remained in the period for assessing the tax, the court added the 19 remaining days and concluded that the deadline for the government to file an assessment for the 1991 calendar year was March 18, 1996. Therefore, since the government filed its assessment 14 days before its deadline, the court ruled that the assessment was timely.) See Also; *Meridian Wood Products Co. Inc. v. United States*, 725 F.2d 1183 (9th Cir.1983); *United States v. Hans*, 921 F.2d 81 (6th Cir.1990); *Security Indus. Ins. Co. v. United States*, 830 F.2d 581 (5th Cir.1987);

Only one case departs from the "tacking" analysis set out in *Ramirez*. In *Ripley v. Commissioner*, 103 F.3d 332 (4th Cir.1996) the court departed from the tacking analysis finding that the unexpired period remaining on the extended limitations period was not suspended. The facts in *Ripley* are distinguishable because the Government initially assessed the tax against the donor of a gift. *Id.* at 334. The donor then agreed to extend the period of limitation for assessment. *Id.* The donor was then assessed additional tax on April 7, 1992. *Id.* The donor failed to pay the assessed tax. *Id.* Finally, the Government attempted to assess the tax against the donees of the gift on September 17, 1993 more than one year beyond the period of assessment for transferee liability. *Ripley*, 103 F.3d at 334. Thus, *Ripley* is inapplicable because the period of limitations for transferee liability does not arise under the facts of this case.

### 1. Second Assessment for Tax Year 1986

The Andersons allege that the Government is barred from making the second assessment for the 1986 tax year. They claim that the assessment made on March 30, 1992 was beyond the limitation period allowed under §§ 6501 and 6503. Under the *Ramirez* "tacking model" the period of limitations would be calculated in the following manner. The statutory notice of deficiency was mailed on September 12, 1991, 110 days before the expiration of the extended period of assessment. (Declaration of Gary and Gail Anderson at ¶ 4). The 150 day period wherein the Government was prohibited from making a further assessment concluded on March 1, 1992. However, the Andersons failed to include the 110 days between the notice of deficiency and original statute of limitations. Therefore, the March 30, 1992 as-

sessment was made within the applicable period.

## 2. Second Assessment for Tax Year 1987

Next, the Andersons contend that the Government is barred from making the second assessment for the 1987 tax year. They claim that the assessment made on March 22, 1993 was beyond the limitation period allowed under §§ 6501 and 6503. However, under the *Ramirez* "tacking model" the period of limitations would be calculated as follows. The Andersons filed their return on November 7, 1989, therefore ordinarily the Government would have until November 7, 1992 to assess any further tax.

On October 15, 1992, the Andersons received a statutory notice of deficiency. (Declaration of Gary and Gail Anderson at ¶ 10). The 150–day period for filing a petition with the tax court concluded on March 14, 1993. The Andersons failed to include the remaining days in the limitation period, 23 days. This would extend the time for assessment after issuance of the statutory notice of deficiency to April 6, 1993. Thus, the assessment made on March 22, 1993 was timely made.

## IV.   CONCLUSION

For the foregoing reasons the Plaintiff's motion for summary judgment with respect to the statute of limitations defense on the collection of the income tax assessments for 1984, 1985; the first assessment for 1986, and the liability assessed against Gary Anderson as a responsible person with respect to Garstan Corporation is **DENIED**. The Plaintiff's motion for summary judgment with respect to the statute of limitations defense for the second as-

sessment of the 1986 and 1987 tax years is **GRANTED.  IT IS SO ORDERED.**