F I L E D
United States Court of Appeals
Tenth Circuit

SEP 20 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDWARD L. PYEATT,

      Plaintiff - Appellant,

v.

JOHN OR JANE DOES; JOHN/JANE
DOE, General Counsel; DARYL
KOSIAK; LINDA NUTT; MIKE
GALLAGER, Administrator, Chavez
County Detention Center; JOHN/JANE
DOE, 1, also known as Capt.
Hernandez, Chavez County Detention
Center; JOHN/JANE DOE, 2, also
known as Lt. Apodaca, Chavez County
Detention Center; J. C.
AUDERWALD, Sergeant, Chavez
County Detention Center; JOHN/JANE
DOE, 3, also known as Sgt. Montez,
Chavez County Detention Center;
MARI MOSCA, R.N., Chavez County
Detention Center; JOHN/JANE DOE,
4, also known as Stewart, RN, Chavez
County Detention Center; M.
ARMSTRONG, Officer, Chavez
County Detention Center; M. REED,
Officer, Chavez County Detention
Center; C. CASTRO, Officer, Chavez
County Detention Center; D.
GARCIA, Officer, Chavez County
Detention Center; O. CORRAC,
Officer, Chavez County Detention
Center; E. CAUSE, Officer, Chavez
County Detention Center; J.
LEDBETTER, Officer, Chavez County
Detention Center; B. PRATHER,

No. 01-2102
(D.C. No. CV-00-676-MV/DJS)
(D. New Mexico)

Officer, Chavez County Detention Center; M. TRUJILLO, Officer, Chavez County Detention Center; C. HOFFMAN, Officer, Chavez County Detention Center; K. SIMMONS, Officer, Chavez County Detention Center; M. AGUILAR, Officer, Chavez County Detention Center; J. ROGERS, Officer, Chavez County Detention Center; L. SILVA, Officer, Chavez County Detention Center; P. HUDSPETH, Officer, Chavez County Detention Center; J. STANCH, Officer, Chavez County Detention Center; L. LAMPHIER, Officer, Chavez County Detention Center; TERRELL TUCKER, County Sheriff; SHARON BERRY, Deputy County Sheriff; JOHN/JANE DOES, County Sheriff Transport Officers; DAVE FEATHERSTONE, Counseling & Associates Inc.; VIRGLE HERRIN, M.D., Chavez County Detention Center; JAIME MICHEL, M.D., Chavez County Detention Center; WAUTER D. FOSTER, M.D., Chavez County Detention Center; BILL DENNIS, Polygrapher; JOHN/JANE DOE, 5, also known as Frosh, Detective, Roswell Police Department; JOHN/JANE DOES, Ambulance and Emergency Attendants; JOHN/JANE DOES, Unnamed defts of Eastern New Mexico Medical Center, Sunrise Mental Health Unit; JOHN/JANE DOE, 6, also known as Gervais, Doctor, Counseling & Associates Inc.; JOHN/JANE DOES, Unnamed defts of Counseling & Associates Inc.;

JOHN/JANE DOES, Unnamed defts of Las Vegas Mental Facility; JOHN/JANE DOES, Unnamed defts of Las Vegas Downtown Hospital & Clinic; JOHN/JANE DOES, Unnamed defts of Dona Ana County Detention Center; JOHN/JANE DOES, Unnamed dfts of the U.S. Marshal's Service; JOHN/JANE DOE, 7, also known as Dr. Landou, Psychiatrist, Torrance County Detention Center; JOHN/JANE DOES, Unnamed defts of Torrance County Detention Center; JOHN/JANE DOE, 8, also known as Reed, Psychologist, Torrance County Detention Center; ADAM KURTZ, Lawyer; JOHN/JANE DOES, Unnamed deft of Oklahoma Detention Transfer Center; JOHN/JANE DOE, 9, also known as Chandler, Warden, U.S.P. Beaumont; JOHN/JANE DOES, Unnamed defts of U.S.P. Beaumont; C. ADAMS, Doctor, U.S.P. Beaumont; JOHN/JANE DOE, 10, also known as Knox, Doctor, U.S.P. Beaumont; S. KULKARNI, Psychiatrist, U.S.P. Beaumont; JOHN/JANE DOE, 11, also known as Palmer, PA, U.S.P. Beaumont; JOHN/JANE DOE, 12, Nurse, U.S.P. Beaumont; JOHN/JANE DOE, 13, also known as Ammos, Nurse, U.S.P. Beaumont; JOHN/JANE DOE, 14, also known as MaCarvey, Nurse, U.S.P. Beaumont; JOHN/JANE DOES, Unnamed defts of Springfield Mental Hospital; JOHN/JANE DOE, 15, also known as Denny, Psychologist, Springfield Mental Hospital; GARY HILL, Lawyer; JESS

COSBY, Lawyer, all defts in their individual capacities; JOHN/JANE DOE, also known as Capt. Hernandez; JOHN/JANE DOES, Guards; JOHN DOE, Male RN; ROSWELL POLICE DEPARTMENT; CHAVEZ COUNTY JAIL; JOHN/JANE DOE, also known as Officer Barrela,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Petitioner Edward L. Pyeatt, a state prisoner proceeding pro se, appeals the district court's order denying his motion for reconsideration and three other post-judgment motions. On May 8, 2000, Mr. Pyeatt filed a § 1983 complaint alleging

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that he had been subjected to a variety of constitutional deprivations during his four and one-half years of incarceration in a series of institutions. On August 11, 2000, the district court dismissed Mr. Pyeatt's original and first amended complaints for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2). With leave of the district court, Mr. Pyeatt filed a second amended complaint on September 1, 2000. On October 17, 2000, the district court also dismissed the second amended complaint for failure to state a claim. Mr. Pyeatt appealed that order of dismissal, and this court dismissed that appeal as jurisdictionally defective on August 17, 2001. More than 10 days after judgment was entered dismissing the second amended complaint, Mr. Pyeatt filed four separate motions: (1) "Motion to Reconsider," which the district court construed as a Fed. R. Civ. P. 60(b)(6) motion; (2) "Motion to Substanciate (sic) Machiavellian Torture," which the district court construed as a brief in support of the motion to reconsider; (3) a motion to amend; and (4) "Motion to Enter Mature Tort Claim." On February 27, 2001, the district court denied all four motions.

The district court correctly construed Mr. Pyeatt's motion to reconsider as a Rule 60(b)(6) motion since it was filed more than ten days after dismissal. We review a district court's ruling on a Rule 60(b)(6) motion for an abuse of discretion. In re Gledhill, 76 F.3d 1070, 1080 (10th Cir. 1996). Rule 60(b)(6) relief from judgment is within the district court's discretion and "warranted only

in exceptional circumstances." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); see also Cashner v. Freedom Stores, 98 F.3d 572, 579 (10th Cir. 1996) ("a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."). We will reverse the district court's determination only if there is "a complete absence of reasonable basis" leaving us certain that the district court's decision is wrong. Id. Further, denial of a Rule 60(b)(6) motion is not an abuse of discretion where the motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." Van Skiver, 952 F.2d at 1243 (quoting Van Skiver v. United States, 751 F. Supp. 1522, 1523 (D. Kan. 1990)). In his motion, Mr. Pyeatt does not assert any additional relevant information not already addressed by the district court. Since his motion to reconsider simply reasserts information considered by the district court in its initial determinations, Mr. Pyeatt's motion does not meet the extraordinary circumstances standard required for Rule 60(b)(6) relief. Having reviewed the briefs and the record in this case, we cannot say that the district court abused its discretion in denying Mr. Pyeatt's "Motion to Reconsider."

We review the district court's decision denying a motion to amend for an abuse of discretion. Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994). Mr. Pyeatt's motion to amend asks the district court to revisit claims previously

adjudged barred by the applicable statute of limitations or as not ripe for decision. Further, attached documents to the motion to amend describe events that occurred outside the State of New Mexico. This information was already considered by the district court and does not provide a basis for relief. Therefore, the district court did not abuse its discretion in denying Mr. Pyeatt's motion to amend.

Mr. Pyeatt's "Motion to Enter Mature Tort Claim" asks the district court to revisit an event that, according to his brief, occurred outside the State of New Mexico. See Plaintiff's Motion to Substanciate (sic) Machiavellian Torture, Rec., vol. 1, doc. 20, R13 at 2 (alleged injury occurred in Houston, Texas, when Mr. Pyeatt tripped and fell during a transfer). This motion does not provide any basis for relief. Therefore, the district court did not err in denying Mr. Pyeatt's "Motion to Enter Mature Tort Claim."

We have carefully reviewed Mr. Pyeatt's motions and the record. We cannot say that the district court abused its discretion in denying Mr. Pyeatt's motions. For substantially the same reasons underlying the district court's February 27, 2000 Order, we AFFIRM the denial of Mr. Pyeatt's motions.

We remind Appellant that because his motion to proceed in forma pauperis on appeal was denied, he must continue making partial payments on court fees and costs previously assessed as outlined in the payment order filed May 29, 2001, until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge