## Anne Marie JOHNSON, et al.

### v.

## Joseph MONTMINY, et al.

### No. CIV. JFM–02–2822.

United States District Court,
D. Maryland.

Oct. 27, 2003.

contest liquidated damages, they should file a motion to alter or amend within 10 days after

Douglas P. Desjardins, Lawrence Noel Patterson, Jr., R. Jack Clapp and Associates Co., LPA, Washington, DC, for Plaintiffs.

Roger Lee Fink, County Commissioners of Charles County MD, La Plata, MD, John F. Breads, Jr., Local Government Insurance Trust, Columbia, MD, Betty Stemley Sconion, Maryland State Police Headquarters, Office of the Attorney General Legal Counsel Unit, Pikesville, MD, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

On September 23, 2003, I granted defendants' motion for summary judgment. Plaintiffs have filed a motion to reconsider that decision under Federal Rule of Civil Procedure 60(b). I have reviewed the memoranda filed in connection with the motion to reconsider, and for the reasons stated below, plaintiffs' motion will be denied.

The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked up on a showing of exceptional circumstances." *Compton v. Alton Steamship Company, Inc.,* 608 F.2d 96, 102 (4th Cir. 1979). The rule "does not authorize a motion merely for reconsideration of a legal issue," *United States v. Williams,* 674 F.2d 310, 312 (4th Cir.1982), and "'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991)(quoting *Van Skiver v. United States,* 751 F.Supp. 1522, 1523 (D.Kan. 1990)).

entry of this judgment.

Plaintiffs have shown no "extraordinary circumstances" here. They offer only arguments that either were already presented in their opposition to summary judgment or could have been raised therein. Plaintiffs' first argument is merely a variation on their previously raised argument that the "decedent was effectively 'seized' because he could lawfully move, but for the defendant's actions." They now argue that decedent was illegally seized because the police presence in the intersection made it unlawful for him to move, and to do so would have subjected him to prosecution.

Plaintiffs' second argument is that defendants intentionally created a barricade of civilians by blocking the intersection, thereby conducting an "unreasonable seizure." I have already rejected this argument once, and see no reason to revisit my decision when plaintiffs offer only mischaracterizations of defendants' affidavit testimony in support of their claims. Finally, plaintiffs do not argue, but merely "note" that Officer McGuigan has not yet been deposed. On this basis, plaintiffs request that I defer ruling on summary judgment. The time to raise this claim was in plaintiffs' opposition to summary judgment. Attempting to raise this claim for the first time in a Rule 60(b) motion is "inappropriate." *Van Skiver*, 952 F.2d at 1243.

In sum, plaintiff's motion is "nothing more than a request that [this court] change its mind." *Williams*, 674 F.2d at 313. Rule 60(b) does not authorize relief under these circumstances. Accordingly, plaintiff's motion is hereby denied.

A separate order to that effect is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 27th day of October 2003

ORDERED

1. The motion for reconsideration by Anne Marie Johnson, et al. is denied.