**UNITED STATES of America, Plaintiff,**

v.

**Stephen C. BURDINE, et al., Defendants.**

**No. C01–5286RJB.**

United States District Court, W.D. Washington at Tacoma.

April 4, 2002.

**1176**

W. Carl Hankla, Jeremy N. Hendon, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America, plaintiffs.

Stephen C. Burdine, [Pro se], Michelle S. Burdine, [Pro se], Tacoma, WA, Ann T. Marshall, Bishop Lynch & White, Seattle, WA, Robert P. Dick, Pierce County Prosecuting, Attorney's Office, Civil Division, Tacoma, for Stephen C. Burdine, Burdine & Associates, Michelle S. Burdine, Nations Credit Home Equity Services Corporation, Bishop Lynch & White PS, in its capacity as Trustee on a Deed of Trust for the benefit of Nations Credit Home Equity Services fka Bishop & Lynch of King county, Pierce County of, R. J. Coyer, Southern Washington Collection Bureau Inc dba Pioneer Credit, Lease & Industrial Collectors Inc, defendants.

*ORDER GRANTING UNITED STATES'
MOTION FOR SUMMARY JUDG-
MENT*

BRYAN, District Judge.

This matter comes before the court on the United States' Motion for Summary Judgment. Dkt. 31. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association,* 809 F.2d 626, 630 (9th Cir.1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254, 106 S.Ct. 2505, *T.W. Elect. Service Inc.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.,* 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

## B. PROCEDURAL AND FACTUAL BACKGROUND

Stephen C. Burdine and Michelle S. Burdine (The Burdines) have been married continuously since at least January 1, 1990. The Burdines currently reside at 4506 Country Club Dr. N.E., Tacoma Washington 98422 (The Property). The Burdines acquired the property on or about July 30, 1999. They gave a deed of trust on the property to WMC Mortgage Corporation to finance the purchase, which WMC subsequently assigned to Nations Credit Home Equity Services Corporation. Bishop, Lynch & White, P.S. is the trustee under that deed of trust.

During 1990, Mr. Burdine operated a sole proprietorship business under the name "Burdine & Associates." He filed Form 941 federal employment tax returns for the second, third and fourth quarters of 1990, but did not pay the tax due on those returns. The United States contends that, as of March 1, 2002, the outstanding balance of self reported employment tax liabilities assessed against the Burdines was $15,954.69, including statutory interest under 26 U.S.C. § 6651 and penalties under 26 U.S.C. § 6656.

The Burdines filed federal Form 1040 income tax returns for their 1992 and 1993 tax years. They did not pay the tax re-

ported on those returns. The United States contends that, as of March 1, 2002, the outstanding balance of self-reported income tax liabilities assessed against the Burdines was $33,910.16, including statutory interest under 26 U.S.C. § 6651 and penalties under 26 U.S.C. § 6656.

The United States contends that the total outstanding balance of both employment and income tax liabilities due as of March 1, 2002, including statutory accruals through that date, was $48,864.85.

## C. MOTION FOR SUMMARY JUDGMENT

The United States filed this action to (1) reduce federal tax assessments against the Burdines to judgment; and (2) foreclose tax liens against their residence property. The United States contends that the assessments are presumptively correct, and the priority of the federal tax liens against the Property is undisputed.

The Burdines oppose the motion for summary judgment, contending that (1) they did not receive a statutory notice of deficiency; (2) the absence of a Non–Master File account in their transcripts raises an issue for trial; (3) the Forms 4340 are unreliable; and (4) the Forms 4340 cannot be verified by an audit trail of supporting documents. Dkt. 36.

## D. ISSUES

1. Are the Burdines indebted to the United States for unpaid assessed balances of federal employment taxes and individual income taxes, plus accrued interest and penalties?

2. Does the United States have valid and subsisting liens on all property and rights to property of the Burdines, including the Property?

3. Should the United States' liens be enforced and foreclosed against the Property through a judicial sale?

## E. DISCUSSION

1. **Are the Burdines indebted to the United States for unpaid assessed balances of federal employment taxes and individual income taxes, plus accrued interest and penalties?**

■ Included in the record are Form 4340 Certificates of Assessments and Payments, which substantiate the Burdines' tax liabilities. Dkt. 32, Exh. G, H, I, L, and M. Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, and these documents carry a presumption of correctness. *Rossi v. United States,* 755 F.Supp. 314, 318 (D.Or.1990); Fed. R.Civ.P. 803(8) and 902(1). The "23–c" entries on the Form 4340 show that the taxes at issue were duly assessed and recorded. *United States v. Chila,* 871 F.2d 1015, 1017 (11th Cir.1989); *Rossi,* 755 F.Supp. at 318. The "Notice" entries on the Form constitute proof that adequate notice and demand was made. *United States v. Lorson Electric Co., Inc.,* 480 F.2d 554, 555–56 (2d Cir.1973).

The Forms 4340 show that the total unpaid assessed balance, as of March 1, 2002, of Form 941 employment tax liabilities due from Stephen C. Burdine and the marital community of Stephen C. Burdine and Michelle S. Burdine was $14,954.69. Dkt. 32 and 33.

The Forms 4340 show that the total unpaid assessed balance, as of March 1, 2002, of Form 1040 income tax liabilities due from Stephen C. Burdine and Michelle S. Burdine was $33,910.16. Dkt. 32 and 33.

The total outstanding balance of both employment and income tax liabilities due

as of March 1, 2002, including statutory accruals through that date, was $48,864.85.

The Burdines contend that the Forms 4340 are unreliable, and that these forms cannot be verified by an audit trail of supporting documents. These arguments are without merit. The FOIA documents submitted by the Burdines do not show any errors in their accounts; and the Burdines have not shown any existing or potential problems with the Master File system used to record assessments of income or employment taxes against taxpayers such as the Burdines. The Burdines also argue that the absence of a "Non–Master File" account raises an issue of fact for trial. A Non–Master File is a manual accounting system controlling certain types of returns that are not processed through the general IRS computer system to the Master File. Non–Master File assessments are relatively uncommon. IRM 35.13.10.3. The Burdines have not shown how the absence of a Non–Master File rebuts the presumption of correctness of the Forms 4340.

The Burdines are indebted to the United States for unpaid assessed balances of federal employment taxes and individual income taxes, plus accrued interest and penalties.

**2. Does the United States have valid and subsisting liens on all property and rights to property of the Burdines, including the Property?**

▉ Under IRC § 6321, the United States obtains a lien "upon all property and rights to property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. This lien arises as of the date of assessment and continues until the tax liability is extinguished. 26 U.S.C. § 6322. It thus attaches to property acquired after the date of assessment but before the tax liability is extinguished.

*Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945)(tax lien effective as against after-acquired property). It is effective as against the taxpayer without the filing of a notice of lien. *See* 26 U.S.C. § 6323(a). It is effective as against third parties entitled to notice upon the filing of a notice of lien. 26 U.S.C. § 6323(a), (f).

Federal tax assessments have been made against the Burdines, and they have failed to pay them after notice and demand. Statutory tax liens arose as of the dates of the assessments and attached to all of their property and rights to property then owned or after-acquired, including community property such as the Property. *See Hyde v. United States*, 1993–2 U.S.T.C. ¶ 50,605 (D.Ariz.1993)(federal tax assessment against husband was community debt).

The United States has valid and subsisting liens on all property and rights to property of the Burdines, including the Property.

**3. Should the United States' liens be enforced and foreclosed against the Property through a judicial sale?**

IRC § 7403 provides authority for the court to order a judicial sale to satisfy unpaid tax liabilities, as follows:

In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he

has any right, title, or interest, to the payment of such tax or liability.

All parties having liens upon or claiming any interest in the property involved in this action have been named as defendants to this action, as is required by 26 U.S.C. § 7403(b), including the beneficiary of the purchase money deed of trust, the trustee under that deed of trust, the local taxing authority, and several judgment creditors. Nations Credit Home Equity Services Corporation and Bishop, Lynch & White were named as defendants solely because they have interests of record in the Property. They and defendant Pierce County were dismissed without prejudice pursuant to stipulations with the United States approved by the court on January 25, 2002. Dkt. 30. The other defendants to this action, R.J. Coyer, Southern Washington Collection Bureau, Inc. and Lease & Industrial Collectors, Inc. were named as parties because their judgments against the Burdines may constitute liens on the Property; the court entered an order of default against these defendants on January 18, 2002. Dkt. 29. The Burdines appear to have discharged their debt to Lease & Industrial Collectors, Inc. in a Chapter 7 bankruptcy case filed in August 1992. Dkt. 32, Exh. 20–22.

Under 26 U.S.C. § 7403(c),

The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of a court in respect to the interests of the parties and of the United States.

See *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)(family home sold under section 7403 to satisfy tax liens arising from husband's tax liability).

■ The Burdines contend that they did not receive proper notice because they did not receive a statutory notice of a deficiency. This argument is without merit. The income taxes at issue were based on amounts voluntarily reported by the Burdines on Forms 1040. The employment taxes at issue are not subject to the deficiency procedures of 26 U.S.C. § 6212(a).

In summary, the record shows that the Burdines have refused or neglected to pay federal tax liabilities. Liens for taxes have arisen against all of their property and rights to property, including the Property. The tax liens against the Property should be foreclosed. Those liens are junior in priority to any lien in favor of Pierce County for unpaid property taxes and special assessments. See 26 U.S.C. § 6323(b)(6). They are also junior to the deed of trust in favor of Nations Credit Home Equity Services Corporation, since that deed of trust was recorded before the IRS recorded its notices of federal tax lien with the Auditor's office in Tacoma. See Dkt. 25 and 30. The government's tax liens are superior to the judgment liens against the Property held by R.J. Coyer and southern Washington Collection Bureau, d/b/a Pioneer Credit Company, because the notices of federal tax lien were recorded prior to the judgments. Dkt. 32, ¶¶ 16–18; 22–23. As between the two judgment liens, R.J. Coyer's is superior. *Id.* at ¶¶ 22–23.

Accordingly, the court should order a judicial sale of the Property, subject to the deed of trust in favor of Nations Credit Home Equity Services Corporation, with the proceeds to be distributed (1) to the U.S. Marshals Service for allowed costs of sale; (2) to Pierce County, for any real property taxes or special assessments con-

stituting a lien having priority under 26 U.S.C. § 6323(b)(6) as of the date of sale; (3) to the United States, to be applied toward the unpaid tax liabilities of the Burdines until those liabilities, including all accruals, are satisfied or the funds are exhausted; (4) if any excess funds remain after the subject liabilities are satisfied in full, to R.J. Coyer on account of his judgment lien; (5) if any excess funds remain after R.J. Coyer's judgment lien is satisfied, to Southern Washington Collection Bureau, d/b/a Pioneer Credit Company on account of its judgment lien; and (6) if any excess funds remain thereafter, to the Burdines.

Therefore, it is hereby

**ORDERED** that the United States' Motion for Summary Judgment (Dkt.31) is **GRANTED.** Judgment is entered in favor of the United States and against Stephen Curtis Burdine and Michelle S. Burdine in the amount of $48,864.85, plus statutory interest and penalty accruals from March 1, 2002 until the tax liabilities, including all accruals, are satisfied. The United States' liens shall be enforced and foreclosed against the marital community real property of Stephen C. Burdine and Michelle S. Burdine, located at 4506 Country Club Drive N.E., Tacoma, Washington 98422, Tax Parcel I.D. No. 500042–140–0, more particularly described as Lot 140 North Shore Country Club Estates Division IV–C., according to plat recorded under Auditor's No. 9109100360, in Pierce County, Washington, through a judicial sale conducted by the U.S. Marshal pursuant to 26 U.S.C. § § 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002. The United States' tax liens on the above described property are subordinate to (i) any unpaid real property taxes or special assessments owing to Pierce County that constitute a lien, and (ii) a deed of trust in favor of Nations Credit Home Equity Services, Inc. The United States' liens are superior to the judgment liens on the above described property in favor of R.J. Coyer and southern Washington Collection Bureau, Inc. d/b/a Pioneer Credit Company. As between these two judgment liens, Mr. Coyer's is superior. The United States is **ORDERED** to submit a proposed order of sale within thirty days of the entry of judgment herein.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.